UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY R. LOVER
225 51st Street, NE
Washington, D.C. 20019

      Plaintiff,

v.

DISTRICT OF COLUMBIA,
441 4th Street, NW
Washington, D.C. 20001
Serve:
Mayor Anthony Williams
Attorney General Robert J. Spagnoletti

and

CHIEF CHARLES H. RAMSEY
Metropolitan Police Department
300 Indiana Ave., NW
Washington, D.C. 20001
individually and in his official capacity,

and

OFFICER ANTHONY MANLEY,
Metropolitan Police Department
individually and in his official capacity,

and

SERGEANT NEILL,
Metropolitan Police Department
individually and in his official capacity,

and

SERGEANT SLOAN,
Metropolitan Police Department
individually and in his official capacity,

and

CASE NUMBER 1:06CV01872

JUDGE: Henry H. Kennedy

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 11/02/2006

OFFICER ABDALLA,
Metropolitan Police Department
individually and in his official capacity,

and

DETECTIVE HENDRICKS,
Metropolitan Police Department
individually and in his official capacity,

and

OTHER UNNAMED OFFICERS,
Metropolitan Police Department
individually and
in their official capacities,

                    Defendants.

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Gary R. Lover, Plaintiff, by and through his attorney, Brian K. Mc Daniel, Esq. and McDaniel and Associates, P.A., brings this action against the Defendants, Chief Charles H. Ramsey, the District of Columbia, Officer Anthony Manley, Sergeant Neill, Sergeant Sloan, Officer Abdalla, Detective Hendricks, and other unknown police officers, alleging the following:

### I. JUSRIDICTION AND VENUE

1. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

2. The jurisdiction of this court is invoked under the provisions of 28 U.S.C. §§ 12-301 and 12-309, and the common law.

3. On September 19, 2006, Plaintiff, pursuant to D.C. Code § 12-309 provided written notice to Defendant, the District of Columbia, of his intent to sue based on the incident which is the basis of this complaint. Attachment to this complaint is a true copy of this notice.

4. Venue is placed in the District of Columbia because that is where the Plaintiff resides, where Defendants are employed, and where the events complained of occurred.

## II. PARTIES

5. Plaintiff is now, and at all times relevant to this claim, has been a resident of the District of Columbia.

6. Defendant, Officer Anthony Manley, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

7. Defendant, Sergeant Neill, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

8. Defendant, Sergeant Sloan, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

9. Defendant, Officer Abdalla, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

10. Defendant, Detective Hendricks, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

11. Defendants, other unnamed Officers, who are sued in their individual and official capacities, are now, and were at all relevant times, officers of the District of Columbia Metropolitan Police Department.

12. Defendant, Chief Charles Ramsey, who is sued in both his individual and official capacities, is now, and was at all relevant times, Chief of the District of Columbia Metropolitan Police Department. Chief Ramsey has ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department.

13. At all times relevant to this action, the Defendant Police Officers and Chief were acting under color of law under their authority as Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

14. Defendant, the District of Columbia, is a municipality that owns, operates, manages, directs, and controls the District of Columbia Metropolitan Police Department (hereinafter "MPD") and is being sued for the unlawful actions of the MPD.

### III. STATEMENT OF FACTS

15. Plaintiff, Gary R. Lover, lives at 225 51st Street, NE, Washington, DC, 20019.

16. On September 2, 2006 was standing outside his building with several other persons when he was approached by numerous police officers including Officer Anthony Manley.

17. Officer Manley instructed Mr. Lover to place his hands on the building where Officer Manley proceeded to search Mr. Lover.

18. After Officer Manley's initial search turned up no contraband Officer Manley grabbed Mr. Lover's arm and forcefully lead him into the building at 225 51st Street.

19. Once inside the building, over Mr. Lover's initial and continued objection to any invasive search by Officer Manley, the officer did digitally penetrate the anus of Mr. Lover for a significant period of time.

20. The aforementioned search was conducted absent probable cause to believe Mr. Lover was engaged in any illegal activity.

21. This personal intrusion was conducted in a public area and in the presence of the other officers named in this complaint.

22. This invasive search yielded no contraband thus lacking any reason to, MPD or its officers never took into custody or arrested Mr. Lover.

23. As a result of this abhorrent act, Mr. Lover has experienced and continues to experience both physical and emotional trauma.

## IV. FIRST CAUSE OF ACTION

### Civil Rights Claims under 42 U.S.C. § 1983

24. Plaintiff hereby reasserts paragraphs 1-23 of this compliant, though fully set forth here.

25. At no time relevant to this action did Mr. Lover engage in any criminal act.

26. At no time relevant to this action did the Officers have probable cause to detain, search or arrest Mr. Lover.

27. The Officers, as MPD Officers, had a duty to protect Mr. Lover from the deprivation of his rights by Officer Anthony Manley.

5

28. Officer Anthony Manley's act of digitally penetrating the anus and otherwise injuring Mr. Lover, and other unnamed MPD Officer's acts of providing support and assistance to Officer Manley and failing to protect Mr. Lover, directly and proximately subjected Mr. Lover to the deprivation of his rights guaranteed by the United States Constitution and 42 U.S.C. § 1983 in the following ways:

   a. The detention of Mr. Lover in order to conduct the digital penetration of Mr. Lover's anus without probable cause to do so by Officer Manley and other unnamed MPD officers deprived Mr. Lover of his right to be secure in his person from unreasonable seizures in violation of the Fourth Amendment.

   b. The digital penetration of the anus of Mr. Lover by Officer Manley without probable cause to do so deprived Mr. Lover of his right to be secure in his person from unreasonable searches in violation of the Fourth Amendment.

   c. The digital penetration of the anus of Mr. Lover by Officer Manley deprived Mr. Lover of his right to liberty without due process of law, in violation of the Fifth Amendment.

   d. The detention of Mr. Lover in order to conduct the digital penetration of Mr. Lover's anus without probable cause to do so by Officer Manley and other unnamed MPD officers deprived Mr. Lover of his right to peaceably assemble in violation of the First Amendment.

29. At all relevant times, Defendant Officers:

   a. wore the apparel of the District of Columbia MPD;

   b. used the resources and property of the MPD;

   c. were on active duty as Officers of the MPD;

    d. acted under their authority as officers of the MPD; and

    e. acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

30. The Officers knew and intended or should have known that their acts would violate Mr. Lover's Constitutional rights.

31. Plaintiff, Mr. Lover, is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

32. Mr. Lover is further entitled to punitive damages to punish the Officers for their knowing and intentional misconduct in violating his Constitutional rights.

## V. SECOND CAUSE OF ACTION

### Assault

33. Plaintiff hereby reasserts paragraphs 1-32 of this complaint, as though fully set forth here.

34. Plaintiff was in fear of imminent bodily harm when Officer Manley led him into the building at 225 51st Street, when Officer Manley lowered his pants and underclothes to his ankles and began to spread his buttocks and indicated the he was going to conduct a cavity search.

35. Officer Anthony Manley intentionally threatened Mr. Lover with imminent bodily harm when he indicated he would conduct a cavity search if Mr. Lover did not produce any contraband Mr. Lover was being accused of possessing.

36. Due notice under all applicable statutes has been given to defendants.

37. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. Lover is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

38. The intentional and malicious actions of Officer Anthony Manley and other named and unnamed MPD Officers are the direct cause for the injuries described above. Mr. Lover is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## VI. THIRD CAUSE OF ACTION

### Battery

39. Plaintiff hereby reasserts paragraphs 1-38 of this complaint, as though fully set forth here.

40. MPD Officers engaged in harmful and offensive contact of Mr. Lover by digitally penetrating his anus and otherwise injuring him without probable cause to search.

41. The actions of Officer Manley caused Mr. Lover serious physical and emotional injuries.

42. Due notice under all applicable statutes has been given to defendants.

43. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. Lover is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

44. The intentional and malicious actions of Officer Anthony Manley and other named and unnamed MPD Officers are the direct cause for the injuries described above. Mr. Lover is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## VII. FOURTH CAUSE OF ACTION

### Conspiracy – Police Officers

45. Plaintiff hereby reasserts paragraphs 1-44 of this complaint, as though fully set forth here.

46. Officers Anthony Manley and other Officers named and unnamed in this complaint, by their actions and through common design on September 2, 2006 unlawfully conspired to assault and batter Mr. Lover.

47. As a result of the conspiracy, Mr. Lover suffered physical and emotional injury and was deprived of his Constitutional and common law rights.

48. Mr. Lover is therefore entitled to monetary damages to compensate him for all of his injuries.

## VIII. FIFTH CAUSE OF ACTION

### Negligence – Police Officers

49. Plaintiff hereby reasserts paragraphs 1-48 of this complaint, as though fully set forth here.

50. On September 2, 2006, Officers Anthony Manley and other Officers named and unnamed in this complaint, during the course and scope of their employment by the District of Columbia, negligently caused the assault and battery of Mr. Lover.

51. The officers had a continuous duty to exercise due care in the arrest of Mr. Lover to insure that he was not subjected to unnecessary injury.

52. Defendant's breached their duty of due care and negligently caused injury to Mr. Lover.

53. As a result of Officers' actions, Mr. Lover suffered and continues to suffer from emotional distress and psychological trauma.

54. Mr. Lover is therefore entitled to recover money damages to compensate for his pain and suffering and emotional distress which the Officers negligently inflicted on him.

## IX. SIXTH CAUSE OF ACTION

### False Imprisonment – Police Officers

55. Plaintiff hereby reasserts paragraphs 1-54 of this complaint, as though fully set forth here.

56. Defendant Officers did intentionally obstruct and detain Mr. Lover, over his continual objection, when they lead him into the building at 225 51st Street, placed him the spread eagle position, and began to remove his clothing in preparation for a cavity search.

57. Mr. Lover reasonably believed that it would be dangerous for him to attempt to flee in light of the presence of four MPD officers in this location while this detention was taking place.

58. Defendant Officers should, therefore, be held liable for the false detention of Mr. Lover and pay appropriate damages for the violation of his Constitutional and common law rights.

## IX. SEVENTH CAUSE OF ACTION

### Respondent Superior – District of Columbia

59. Plaintiff hereby reasserts paragraphs 1-58 of this complaint, as though fully set forth here.

60. At all relevant times during the circumstances described in this complaint, the Officers were acting within the scope of their official duty as Police Officers and employees of the District of Columbia.

61. The District of Columbia should, therefore, be held liable for the common law claims against the Defendant Officers and pay appropriate damages to Mr. Lover.

## X. EIGHTH CAUSE OF ACTION

### Negligent Training and Supervision –
### District of Columbia and Chief Charles Ramsey

62. Plaintiff hereby reasserts paragraphs 1-61 of this complaint, as though fully set forth here.

63. On or before or before September 2, 2006, the District of Columbia and the MPD Chief Charles Ramsey were under a duty to properly train, supervise, investigate and correct improper actions of MPD Officers.

64. The District of Columbia and Chief Ramsey, recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee Police Officers.

65. The District of Columbia's and Chief Ramsey's disregard for the rights of others, in particular those of Mr. Lover, was the direct and proximate cause of the substantial injuries Mr. Lover sustained.

66. As a result of the District of Columbia's and Chief Ramsey's failure to act, Mr. Lover suffered from pain and suffering, emotional trauma, extreme humiliation, and deprivation of his Constitutional and civil rights.

11

67. Mr. Lover is therefore entitled to money damages to compensate for all of his injuries.

## XI. NINTH CAUSE OF ACTION

### Gary Lover – Intentional Infliction of Emotional Distress

68. Plaintiff hereby reasserts paragraphs 1-67 of this complaint, as though fully set forth here.

69. Defendant Officers assaulted and battered Mr. Lover intentionally and acted with intentional and/or reckless disregard of his rights.

70. As a result of the Defendant Officers' intentional and/or reckless acts, Mr. Lover suffered, and continues to suffer severe emotional distress

71. Mr. Lover is therefore, entitled to monetary damages to compensate him for his emotional injury.

72. Mr. Lover is further entitled to an award of punitive damages to punish the Officers for their willful and malicious and/or reckless misconduct toward him.

## XII. RELIEF REQUESTED

Wherefore, Plaintiff Gary R. Lover hereby sues Defendants the District of Columbia, Chief Charles H. Ramsey, Officer Anthony Manley, Sergeant Neill, Sergeant Sloan, Officer Abdalla, Detective Hendricks and other unnamed MPD Officers, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiff for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000;

3) punitive damages in the amount of $5,000,000;

4) attorney's fees per 42 U.S.C. §1983; and

5) any other relief which this court decides is necessary in the interest of justice.

### XIII. JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

Brian K. McDaniel, Esq.
D.C. Bar # 452807
McDaniel & Associates, P.A.
1211 Connecticut Avenue
Suite 506
Washington, DC 20036
Telephone: (202) 331-0793
Counsel for the Plaintiff

### VERIFICATION

I, Gary R. Lover, have read the above complaint and verify under penalty of perjury that the facts which have been alleged are true to the best of my knowledge and belief.

Executed this 30 day of October, 2006

Gary R. Lover

13

The Law Offices
of

# B<small>RIAN</small> K. M<small>C</small>D<small>ANIEL</small>

1211 Connecticut Avenue N.W. Suite #506 Washington D.C. 20036

Brian K. McDaniel

Telephone (202-331-0793)
Facsimile (202-331-7004)

**September 19, 2006**

<u>Via First Class Mailing</u>
Mayor of the District of Columbia
Office of Risk Management
ATTN: Claims
441 4th Street, NW, Suite 800 South
Washington, DC 20001

    Re.:    Notice of Claim: Battery, Use of Excessive Force, Violation of
                           Constitutional Rights, Violation of Civil Rights
          Date of Incident: September 2, 2006

    Claimant:    Gary R. Lover
                     225 51st N.E.
                     Washington, DC 20019
                     H: (202) 396-9046
                     W: (703) 236-9370
                     D.O.B: October 24, 1981
                     SS#: 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

      Pursuant to D.C. Code Section 12-309, this letter is to provide notice of claim and to advise you that the Law Office of Brian K. McDaniel will represent the claimant Mr. Gary R. Lover in connection with the events herein described below. Mr. Lover suffered injury as a result of the unlawful, non-consensual, harmful and offensive contact made with his person via public cavity search by Officer Anthony Manley on September 2, 2006. In addition to Officer Anthony Manley, several officers including but not limited to, Sergeant Neill, Sergeant Sloan, Officer Abdalla, and Detective Hendricks were present and willfully failed to preclude Officer Manley's aforementioned violations of Mr. Lover's rights.

      Over Mr. Lover's initial and continued objection to any invasive search by Officer Manley, the officer did digitally penetrate the anus of Mr. Lover for a significant period of time, and while wearing a plastic glove, absent probable cause to believe any illegal activity on the part of Mr. Lover. This personal intrusion was conducted in a public area and in the presence of the aforementioned law enforcement officers. As a result of this abhorrent act Mr. Lover has experienced and continues to experience both physical and emotional trauma for which he makes this claim.

The Law Offices
of

# BRIAN K. McDANIEL

1211 Connecticut Avenue N.W. Suite #506 Washington D.C. 20036

Brian K. McDaniel

Telephone (202-331-0793)
Facsimile  (202-331-7004)

As previously mentioned, this letter is to provide notice of a possible lawsuit against the District of Columbia.

If you have any questions or if I may be of assistance in any way, please be at liberty to contact me at our office.

Sincerely,

*Brian K. McDaniel*

Brian K. McDaniel

# CIVIL COVER SHEET

S-44
Rev.1/05 DC

**I (a) PLAINTIFFS**

Gary R. Lover

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** District of Columbia, Charles H. Ramsey-MPD, Anthony Manley-MPD, Sergeant Neill-MPD, Sergeant Sloan-MPD, Officer Abdalla-MPD, Detective Hendricks-MPD, Other Unnamed Officers - MPD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __DC__
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
(202) 331-0793
Brian K. McDaniel
McDaniel and Associates, P.A.
1211 Connecticut Ave. NW
Suite 506
Washington, DC 20036

CASE NUMBER   1:06CV01872

JUDGE: Henry H. Kennedy

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 11/02/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP FOR PLAINTIFF**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)** OR **☐ F. Pro Se General Civil**

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. Habeas Corpus/ 2255<br>530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. FOIA/PRIVACY ACT<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. Student Loan<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| K. Labor/ERISA (non-employment)<br>10 Fair Labor Standards Act<br>20 Labor/Mgmt. Relations<br>30 Labor/Mgmt. Reporting & Disclosure Act<br>40 Labor Railway Act<br>90 Other Labor Litigation<br>91 Empl. Ret. Inc. Security Act | ☒ L. Other Civil Rights (non-employment)<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. Contract<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Sec. 1983

**REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 5,000,000.00   Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**RELATED CASE(S) IF ANY** (See instruction)  ☐ YES ☒ NO   If yes, please complete related case form.

SIGNATURE OF ATTORNEY OF RECORD _____  10/2/06

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips npleting the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

js-44.wpd