UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY R. LOVER
225 51st Street, NE
Washington, D.C. 20019

         Plaintiff,

v.                                                                                    Case No: **1:06CV01872** HHK

DISTRICT OF COLUMBIA,
441 4th Street, NW
Washington, D.C. 20001
Serve:
Mayor Anthony Williams
Attorney General Robert J. Spagnoletti

And

CHIEF CHARLES H. RAMSEY
Metropolitan Police Department
300 Indiana Ave., NW
Washington, D.C. 20001
individually and in his official capacity,

and

OFFICER STEVEN A. MANLEY,
Metropolitan Police Department
individually and in his official capacity,

and

SERGEANT NEILL,
Metropolitan Police Department
individually and in his official capacity,

and

SERGEANT SLOAN,
Metropolitan Police Department
individually and in his official capacity,

and

RECEIVED
DEC 1 5 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| OFFICER ABDALLA,<br>Metropolitan Police Department<br>individually and in his official capacity, | :<br>:<br>: |
| and | : |
| DETECTIVE HENDRICKS,<br>Metropolitan Police Department<br>individually and in his official capacity, | :<br>:<br>:<br>: |
| and | : |
| OTHER UNNAMED OFFICERS,<br>Metropolitan Police Department<br>individually and<br>in their official capacities, | :<br>:<br>:<br>: |
| Defendants. | : |

## AMENDED COMPLAINT

Gary R. Lover, Plaintiff, by and through his attorney, Brian K. Mc Daniel, Esq. and McDaniel and Associates, P.A., brings this action against the Defendants, Chief Charles H. Ramsey, the District of Columbia, Officer Steven A. Manley, Sergeant Neill, Sergeant Sloan, Officer Abdalla, Detective Hendricks, and other unknown police officers, alleging the following:

### I. JUSRIDICTION AND VENUE

1. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

2. The jurisdiction of this court is invoked under the provisions of 28 U.S.C. §§ 12-301 and 12-309, and the common law.

2

3. On September 19, 2006, Plaintiff, pursuant to D.C. Code § 12-309 provided written notice to Defendant, the District of Columbia, of his intent to sue based on the incident which is the basis of this complaint. Attachment to this complaint is a true copy of this notice.

4. Venue is placed in the District of Columbia because that is where the Plaintiff resides, where Defendants are employed, and where the events complained of occurred.

## II. PARTIES

5. Plaintiff is now, and at all times relevant to this claim, has been a resident of the District of Columbia.

6. Defendant, Officer Steven A. Manley, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

7. Defendant, Sergeant Neill, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

8. Defendant, Sergeant Sloan, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

9. Defendant, Officer Abdalla, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

10. Defendant, Detective Hendricks, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department.

11. Defendants, other unnamed Officers, who are sued in their individual and official capacities, are now, and were at all relevant times, officers of the District of Columbia Metropolitan Police Department.

12. Defendant, Chief Charles Ramsey, who is sued in both his individual and official capacities, is now, and was at all relevant times, Chief of the District of Columbia Metropolitan Police Department. Chief Ramsey has ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department.

13. At all times relevant to this action, the Defendant Police Officers and Chief were acting under color of law under their authority as Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

14. Defendant, the District of Columbia, is a municipality that owns, operates, manages, directs, and controls the District of Columbia Metropolitan Police Department (hereinafter "MPD") and is being sued for the unlawful actions of the MPD.

### III. STATEMENT OF FACTS

15. Plaintiff, Gary R. Lover, lives at 225 51st Street, NE, Washington, DC, 20019.

16. On September 2, 2006 was standing outside his building with several other persons when he was approached by numerous police officers including Officer Steven A. Manley.

4

17. Officer Manley instructed Mr. Lover to place his hands on the building where Officer Manley proceeded to search Mr. Lover.

18. After Officer Manley's initial search turned up no contraband Officer Manley grabbed Mr. Lover's arm and forcefully lead him into the building at 225 51st Street.

19. Once inside the building, over Mr. Lover's initial and continued objection to any invasive search by Officer Manley, the officer did digitally penetrate the anus of Mr. Lover for a significant period of time.

20. The aforementioned search was conducted absent probable cause to believe Mr. Lover was engaged in any illegal activity.

21. This personal intrusion was conducted in a public area and in the presence of the other officers named in this complaint.

22. This invasive search yielded no contraband thus lacking any reason to, MPD or its officers never took into custody or arrested Mr. Lover.

23. As a result of this abhorrent act, Mr. Lover has experienced and continues to experience both physical and emotional trauma.

## IV. FIRST CAUSE OF ACTION

Civil Rights Claims under 42 U.S.C. § 1983

24. Plaintiff hereby reasserts paragraphs 1-23 of this compliant, though fully set forth here.

25. At no time relevant to this action did Mr. Lover engage in any criminal act.

26. At no time relevant to this action did the Officers have probable cause to detain, search or arrest Mr. Lover.

5

27. The Officers, as MPD Officers, had a duty to protect Mr. Lover from the deprivation of his rights by Officer Steven A. Manley.

28. Officer Steven A. Manley's act of digitally penetrating the anus and otherwise injuring Mr. Lover, and other unnamed MPD Officer's acts of providing support and assistance to Officer Manley and failing to protect Mr. Lover, directly and proximately subjected Mr. Lover to the deprivation of his rights guaranteed by the United States Constitution and 42 U.S.C. § 1983 in the following ways:

    a. The detention of Mr. Lover in order to conduct the digital penetration of Mr. Lover's anus without probable cause to do so by Officer Manley and other unnamed MPD officers deprived Mr. Lover of his right to be secure in his person from unreasonable seizures in violation of the Fourth Amendment.

    b. The digital penetration of the anus of Mr. Lover by Officer Manley without probable cause to do so deprived Mr. Lover of his right to be secure in his person from unreasonable searches in violation of the Fourth Amendment.

    c. The digital penetration of the anus of Mr. Lover by Officer Manley deprived Mr. Lover of his right to liberty without due process of law, in violation of the Fifth Amendment.

    d. The detention of Mr. Lover in order to conduct the digital penetration of Mr. Lover's anus without probable cause to do so by Officer Manley and other unnamed MPD officers deprived Mr. Lover of his right to peaceably assemble in violation of the First Amendment.

29. At all relevant times, Defendant Officers:

    a. wore the apparel of the District of Columbia MPD;

    b. used the resources and property of the MPD;

    c. were on active duty as Officers of the MPD;

    d. acted under their authority as officers of the MPD; and

    e. acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

30. The Officers knew and intended or should have known that their acts would violate Mr. Lover's Constitutional rights.

31. Plaintiff, Mr. Lover, is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

32. Mr. Lover is further entitled to punitive damages to punish the Officers for their knowing and intentional misconduct in violating his Constitutional rights.

### V. SECOND CAUSE OF ACTION

Assault

33. Plaintiff hereby reasserts paragraphs 1-32 of this complaint, as though fully set forth here.

34. Plaintiff was in fear of imminent bodily harm when Officer Manley led him into the building at 225 51st Street, when Officer Manley lowered his pants and underclothes to his ankles and began to spread his buttocks and indicated the he was going to conduct a cavity search.

35. Officer Steven A. Manley intentionally threatened Mr. Lover with imminent bodily harm when he indicated he would conduct a cavity search if Mr. Lover did not produce any contraband Mr. Lover was being accused of possessing.

36. Due notice under all applicable statutes has been given to defendants.

37. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. Lover is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

38. The intentional and malicious actions of Officer Steven A. Manley and other named and unnamed MPD Officers are the direct cause for the injuries described above. Mr. Lover is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## VI. THIRD CAUSE OF ACTION

### Battery

39. Plaintiff hereby reasserts paragraphs 1-38 of this complaint, as though fully set forth here.

40. MPD Officers engaged in harmful and offensive contact of Mr. Lover by digitally penetrating his anus and otherwise injuring him without probable cause to search.

41. The actions of Officer Manley caused Mr. Lover serious physical and emotional injuries.

42. Due notice under all applicable statutes has been given to defendants.

43. The actions of the District of Columbia are the direct cause of the injuries described above. Mr. Lover is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

44. The intentional and malicious actions of Officer Steven A. Manley and other named and unnamed MPD Officers are the direct cause for the injuries described above. Mr.

Lover is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## VII. FOURTH CAUSE OF ACTION

### Conspiracy – Police Officers

45. Plaintiff hereby reasserts paragraphs 1-44 of this complaint, as though fully set forth here.

46. Officers Steven A. Manley and other Officers named and unnamed in this complaint, by their actions and through common design on September 2, 2006 unlawfully conspired to assault and batter Mr. Lover.

47. As a result of the conspiracy, Mr. Lover suffered physical and emotional injury and was deprived of his Constitutional and common law rights.

48. Mr. Lover is therefore entitled to monetary damages to compensate him for all of his injuries.

## VIII. FIFTH CAUSE OF ACTION

### Negligence – Police Officers

49. Plaintiff hereby reasserts paragraphs 1-48 of this complaint, as though fully set forth here.

50. On September 2, 2006, Officers Steven A. Manley and other Officers named and unnamed in this complaint, during the course and scope of their employment by the District of Columbia, negligently caused the assault and battery of Mr. Lover.

51. The officers had a continuous duty to exercise due care in the arrest of Mr. Lover to insure that he was not subjected to unnecessary injury.

52. Defendant's breached their duty of due care and negligently caused injury to Mr. Lover.

53. As a result of Officers' actions, Mr. Lover suffered and continues to suffer from emotional distress and psychological trauma.

54. Mr. Lover is therefore entitled to recover money damages to compensate for his pain and suffering and emotional distress which the Officers negligently inflicted on him.

## IX. SIXTH CAUSE OF ACTION

### False Imprisonment – Police Officers

55. Plaintiff hereby reasserts paragraphs 1-54 of this complaint, as though fully set forth here.

56. Defendant Officers did intentionally obstruct and detain Mr. Lover, over his continual objection, when they lead him into the building at 225 51st Street, placed him the spread eagle position, and began to remove his clothing in preparation for a cavity search.

57. Mr. Lover reasonably believed that it would be dangerous for him to attempt to flee in light of the presence of four MPD officers in this location while this detention was taking place.

58. Defendant Officers should, therefore, be held liable for the false detention of Mr. Lover and pay appropriate damages for the violation of his Constitutional and common law rights.

## IX. SEVENTH CAUSE OF ACTION

### Respondent Superior – District of Columbia

59. Plaintiff hereby reasserts paragraphs 1-58 of this complaint, as though fully set forth here.

60. At all relevant times during the circumstances described in this complaint, the Officers were acting within the scope of their official duty as Police Officers and employees of the District of Columbia.

61. The District of Columbia should, therefore, be held liable for the common law claims against the Defendant Officers and pay appropriate damages to Mr. Lover.

## X. EIGHTH CAUSE OF ACTION

Negligent Training and Supervision –
District of Columbia and Chief Charles Ramsey

62. Plaintiff hereby reasserts paragraphs 1-61 of this complaint, as though fully set forth here.

63. On or before or before September 2, 2006, the District of Columbia and the MPD Chief Charles Ramsey were under a duty to properly train, supervise, investigate and correct improper actions of MPD Officers.

64. The District of Columbia and Chief Ramsey, recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee Police Officers.

65. The District of Columbia's and Chief Ramsey's disregard for the rights of others, in particular those of Mr. Lover, was the direct and proximate cause of the substantial injuries Mr. Lover sustained.

66. As a result of the District of Columbia's and Chief Ramsey's failure to act, Mr. Lover suffered from pain and suffering, emotional trauma, extreme humiliation, and deprivation of his Constitutional and civil rights.

67. Mr. Lover is therefore entitled to money damages to compensate for all of his injuries.

## XI. NINTH CAUSE OF ACTION

Gary Lover – Intentional Infliction of Emotional Distress

68. Plaintiff hereby reasserts paragraphs 1-67 of this complaint, as though fully set forth here.

69. Defendant Officers assaulted and battered Mr. Lover intentionally and acted with intentional and/or reckless disregard of his rights.

70. As a result of the Defendant Officers' intentional and/or reckless acts, Mr. Lover suffered, and continues to suffer severe emotional distress

71. Mr. Lover is therefore, entitled to monetary damages to compensate him for his emotional injury.

72. Mr. Lover is further entitled to an award of punitive damages to punish the Officers for their willful and malicious and/or reckless misconduct toward him.

## XII. RELIEF REQUESTED

Wherefore, Plaintiff Gary R. Lover hereby sues Defendants the District of Columbia, Chief Charles H. Ramsey, Officer Steven A. Manley, Sergeant Neill, Sergeant Sloan, Officer Abdalla, Detective Hendricks and other unnamed MPD Officers, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiff for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000;

3) punitive damages in the amount of $5,000,000;

4) attorney's fees per 42 U.S.C. §1983; and

5) any other relief which this court decides is necessary in the interest of justice.

### XIII. JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

Brian K. McDaniel, Esq.
D.C. Bar # 452807
McDaniel & Associates, P.A.
1211 Connecticut Avenue
Suite 506
Washington, DC 20036
Telephone: (202) 331-0793
Counsel for the Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of December, 2006 a copy of the foregoing Amended Complaint was mailed postage pre-paid, Certified Mail to:

OFFICER STEVEN A. MANLEY
Metropolitan Police Department
300 Indiana Ave., NW
Washington, D.C. 20001

Brian K. McDaniel, Esq.

13

# The Law Offices
## of
# Brian K. McDaniel
1211 Connecticut Avenue N.W. Suite #506 Washington D.C. 20036

Brian K. McDaniel

Telephone (202-331-0793)
Facsimile (202-331-7004)

September 19, 2006

<u>Via First Class Mailing</u>
Mayor of the District of Columbia
Office of Risk Management
ATTN: Claims
441 4th Street, NW, Suite 800 South
Washington, DC 20001

Re.:   Notice of Claim: Battery, Use of Excessive Force, Violation of
       Constitutional Rights, Violation of Civil Rights
       Date of Incident: September 2, 2006

Claimant:  Gary R. Lover
           225 51st N.E.
           Washington, DC 20019
           H: (202) 396-9046
           W: (703) 236-9370
           D.O.B: October 24, 1981
           SS#: 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

    Pursuant to D.C. Code Section 12-309, this letter is to provide notice of claim and to advise you that the Law Office of Brian K. McDaniel will represent the claimant Mr. Gary R. Lover in connection with the events herein described below. Mr. Lover suffered injury as a result of the unlawful, non-consensual, harmful and offensive contact made with his person via public cavity search by Officer Anthony Manley on September 2, 2006. In addition to Officer Anthony Manley, several officers including but not limited to, Sergeant Neill, Sergeant Sloan, Officer Abdalla, and Detective Hendricks were present and willfully failed to preclude Officer Manley's aforementioned violations of Mr. Lover's rights.

    Over Mr. Lover's initial and continued objection to any invasive search by Officer Manley, the officer did digitally penetrate the anus of Mr. Lover for a significant period of time, and while wearing a plastic glove, absent probable cause to believe any illegal activity on the part of Mr. Lover. This personal intrusion was conducted in a public area and in the presence of the aforementioned law enforcement officers. As a result of this abhorrent act Mr. Lover has experienced and continues to experience both physical and emotional trauma for which he makes this claim.

# The Law Offices
## of
# BRIAN K. MCDANIEL
1211 Connecticut Avenue N.W. Suite #506 Washington D.C. 20036

Brian K. McDaniel

Telephone (202-331-0793)
Facsimile (202-331-7004)

As previously mentioned, this letter is to provide notice of a possible lawsuit against the District of Columbia.

If you have any questions or if I may be of assistance in any way, please be at liberty to contact me at our office.

Sincerely,

Brian K. McDaniel