UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Gary Lover,** )<br>)<br>**Plaintiff,** )<br>) **Civil No. 06-1872**<br>**v.** )<br>)<br>**District of Columbia, et al.,** )<br>)<br>**Defendants.** )<br>_____) | |

**DEFENDANT DETECTIVE HENDRICK'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Detective Hendrick,[1] by and through undersigned counsel, hereby answers the Amended Complaint in the above-captioned matter. The defendant asserts that anything not specifically admitted herein is denied, and answers the Amended Complaint as follows:

**First Defense**

The Amended Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Detective Hendrick states the following in response to the individually numbered paragraphs in the Amended Complaint:

**I. JURISDICTION AND VENUE**

1. The allegations asserted in paragraph 1 of the Amended Complaint are legal conclusions to which no response is required. Detective Hendrick acknowledges the statute cited in paragraph 1, but does not admit that jurisdiction necessarily is conferred therefrom.

---

[1] For the record, this defendant's name is Detective John Hendrick, not Hendricks.

2. The allegations asserted in paragraph 2 of the Amended Complaint are legal conclusions to which no response is required. Detective Hendrick acknowledges the statute cited in paragraph 2, but does not admit that jurisdiction necessarily is conferred therefrom.

3. The defendant is without sufficient information to admit or deny these allegations. The defendant acknowledges that a letter dated September 19, 2006 was attached to the Amended Complaint, but does not admit that it satisfies the requirements of D.C. Code § 12-309.

4. The allegations asserted in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that the events complained of occurred in the District.

## II. PARTIES

5. Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 5.

6. The allegations asserted in paragraph 6 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that Officer Manley was a Metropolitan Police Department officer at the time of the incident described in the Amended Complaint and continues to be employed by the Metropolitan Police Department.

7. The allegations asserted in paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that Sergeant Neill was a Metropolitan Police Department officer at the time of

the incident described in the Amended Complaint and continues to be employed by the Metropolitan Police Department.

8. The allegations asserted in paragraph 8 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that Sergeant Sloan was a Metropolitan Police Department officer at the time of the incident described in the Amended Complaint and continues to be employed by the Metropolitan Police Department.

9. The allegations asserted in paragraph 9 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that Officer Abdalla was a Metropolitan Police Department officer at the time of the incident described in the Amended Complaint and continues to be employed by the Metropolitan Police Department.

10. The allegations asserted in paragraph 10 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that he was a Metropolitan Police Department officer at the time of the incident described in the Amended Complaint and continues to be employed by the Metropolitan Police Department.

11. The allegations asserted in paragraph 11 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 11.

12. The allegations asserted in paragraph 12 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick acknowledges that Chief Charles Ramsey was the Chief of the Metropolitan Police Department at the time of the incident described in the Amended Complaint but he no longer serves in this capacity.

13. The allegations asserted in paragraph 13 of the Amended Complaint are legal conclusions to which no response is required.

14. The allegations asserted in paragraph 14 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 14.

### III. STATEMENT OF FACTS

15. The defendant is without sufficient information to admit or deny the allegations in paragraph 15.

16. The defendant admits this allegation.

17. The defendant is without sufficient information to admit or deny the allegations in paragraph 17.

18. The defendant admits that Officer Manley escorted Mr. Lover in the building but denies that Officer Manley grabbed Mr. Lover's arm and forcefully lead him into the building.

19. The defendant is without sufficient information to admit or deny the allegations in paragraph 19.

20. The defendant is without sufficient information to admit or deny the allegations in paragraph 20.

21. The defendant is without sufficient information to admit or deny the allegations in paragraph 21.

22. The defendant admits that Mr. Lover was not arrested but is without sufficient information to admit or deny the remaining allegations in paragraph 22.

23. The allegations asserted in paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 23.

### IV. FIRST CAUSE OF ACTION

### Civil Rights Claims under 42 U.S.C. § 1983

24. The defendant incorporates his responses to paragraphs 1 – 23 above.

25. The allegations asserted in paragraph 25 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 25.

26. The allegations asserted in paragraph 26 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 26.

27. The allegations asserted in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required.

28. The allegations asserted in paragraph 28 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies the allegations and demands strict proof thereof.

29. The allegations asserted in paragraph 29 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant admits that he wore the apparel of the District of Columbia MPD, used the resources and property of the MPD, was on active duty as an MPD officer and was acting under his authority as an MPD

officer at the time of the incident described in the Amended Complaint.

30. The allegations asserted in paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies the allegations and demands strict proof thereof.

31. The allegations asserted in paragraph 31 of the Amended Complaint are a statement of claims to which no response is required.

32. The allegations asserted in paragraph 32 of the Amended Complaint are a statement of claims to which no response is required.

### V. SECOND CAUSE OF ACTION

**Assault**

33. The defendant incorporates his responses to paragraphs 1 – 32 above.

34. The allegations asserted in paragraph 34 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 34.

35. The allegations asserted in paragraph 35 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 35.

36. The allegations asserted in paragraph 36 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Detective Hendrick is without sufficient information to admit or deny the allegations in paragraph 36.

37. The allegations asserted in paragraph 37 of the Amended Complaint are legal conclusions

and/or a statement of claims to which no response is required. To the extent that a response is required, Detective Hendrick denies the allegations in paragraph 37.

38. The allegations asserted in paragraph 38 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, Detective Hendrick denies the allegations in paragraph 38.

## VI. THIRD CAUSE OF ACTION

### Battery

39. The defendant incorporates its response to paragraphs 1 – 38 above.

40. The allegations asserted in paragraph 40 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations.

41. The allegations asserted in paragraph 41 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations.

42. The allegations asserted in paragraph 42 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations.

43. The allegations asserted in paragraph 43 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

44. The allegations asserted in paragraph 44 of the Amended Complaint are legal conclusions to

which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

### VII. FOURTH CAUSE OF ACTION

### Conspiracy – police officers

45. The defendant incorporates his responses to paragraphs 1 – 44 above.

46. The allegations asserted in paragraph 46 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

47. The allegations asserted in paragraph 47 are a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

48. The allegations asserted in paragraph 48 are a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

### VIII. FIFTH CAUSE OF ACTION

### Negligence – police officers

49. The defendant incorporates his responses to paragraphs 1 – 48 above.

50. The allegations asserted in paragraph 50 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

51. The allegations asserted in paragraph 51 of the Amended Complaint are legal conclusions to

which no response is required.

52. The allegations asserted in paragraph 52 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

53. The allegations asserted in paragraph 53 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

54. The allegations asserted in paragraph 54 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required.

## IV. SIXTH CAUSE OF ACTION

### False Imprisonment – police officers

55. The defendant incorporates his responses to paragraphs 1 – 54 above.

56. The allegations asserted in paragraph 56 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations.

57. The allegations asserted in paragraph 57 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations.

58. The allegations asserted in paragraph 58 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

## IX. SEVENTH CAUSE OF ACTION

### Respondeat Superior – District of Columbia

59. The defendant incorporates his responses to paragraphs 1 – 58 above.

60. The allegations asserted in paragraph 60 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant acknowledges that he was working within the scope of his employment as an MPD police officer.

61. The allegations asserted in paragraph 61 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required.

## X. EIGHTH CAUSE OF ACTION

### Negligent Training and Supervision –

### District of Columbia and Chief Charles Ramsey

62. The defendant incorporates his responses to paragraphs 1 – 61 above.

63. The allegations asserted in paragraph 63 of the Amended Complaint are legal conclusions to which no response is required.

64. The allegations asserted in paragraph 64 of the Amended Complaint are legal conclusions to which no response is required.

65. The allegations asserted in paragraph 65 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

66. The allegations asserted in paragraph 66 of the Amended Complaint are legal conclusions

and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

67. The allegations asserted in paragraph 67 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

## VI. NINTH CAUSE OF ACTION

### Gary Lover – Intentional Infliction of Emotional Distress

68. The defendant incorporates his responses to paragraphs 1 – 67 above.

69. The allegations asserted in paragraph 69 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

70. The allegations asserted in paragraph 70 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

71. The allegations asserted in paragraph 71 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

72. The allegations asserted in paragraph 72 of the Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the defendant denies said allegations and demands strict proof thereof at trial.

### Third Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

### Fourth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by plaintiff's own willful conduct.

### Fifth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from plaintiff's own contributory negligence.

### Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### Eighth Defense

All actions performed by the Detective Hendrick were within the scope of his employment and met or exceeded the applicable standard of care.

### Ninth Defense

Plaintiff might have failed to mitigate any damages that he may have incurred.

### Tenth Defense

Plaintiff's claims against the individual defendants may be barred by the doctrine of qualified immunity.

### Eleventh Defense

Plaintiff's claim may be barred by the applicable statute of limitations.

### Twelfth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, and if said injuries and/or damages were caused by an employee of the District, the District employee's conduct was performed in self-defense or to protect the safety others.

### Thirteenth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from plaintiff's own contributory negligence and/or assumption of the risk and/or the negligence of the plaintiff. The defendant reserves the right to incorporate any additional facts supporting this defense if further information arises in the course of discovery.

### Fourteenth Defense

Plaintiff may not have filed a D.C. Code § 12-309 letter.

### Set-off

Defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance or other sources.

### Jury Demand

The defendant demands a trial by jury.

WHEREFORE, the defendant prays the Court dismiss the Amended Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov