UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gary Lover, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 06-1872 (HHK) |
| v. ) | |
| ) | |
| District of Columbia, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF RAMSEY'S MOTION TO DISMISS AMENDED COMPLAINT

Defendants District of Columbia and Chief Charles Ramsey, by and through undersigned counsel, hereby move this Court to dismiss the plaintiff's Amended Complaint.[1]  A Memorandum of Points and Authorities and a proposed order is attached hereto.

Pursuant to Local Rule 7, undersigned counsel is not required to obtain consent of plaintiff's counsel to file the instant dispositive motion.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

---

[1] The Office of General Counsel for the Metropolitan Police Department accepted service for Chief Ramsey.  Upon information and belief, the Mayor's designee, Tabatha Braxton, was personally served on March 15, 2007.

                                                  /s/
                                        DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Gary Lover,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 06-1872 (HHK)** |
| **v.** ) | |
| ) | |
| **District of Columbia, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF RAMSEY'S MOTION TO DISMISS AMENDED COMPLAINT

Defendants District of Columbia and Chief Ramsey ("defendants") submit the following memorandum of points and authorities in support of their Motion to Dismiss the Amended Complaint. In support of the relief requested herein, the defendants state as follows:

Construing the facts in the light most favorable to the non-moving party, the plaintiff alleges the following facts. On September 2, 2006, the plaintiff was standing outside of his building, which is located at 225 51st Street, NE, Washington, DC. (Amended Complaint at ¶ 15-16.) He was approached by "numerous police officers including Officer Steven A. Manley." (Amended Complaint at ¶16.) Notably, the Amended Complaint does not say why the other officers were in the area, *i.e.*, whether they were looking for drugs or other contraband. Officer Manley searched the plaintiff for contraband then took him inside of the building. (Amended Complaint at ¶ 18-19.) Despite plaintiff's "initial and continued objection," Officer Manley purportedly proceeded to "digitally penetrate" the plaintiff's anus for a "significant period of time." (Amended Complaint at ¶ 17-19.) Officer Manley conducted this search without probable cause to believe that the plaintiff was participating in any illegal activity. (Amended

Complaint at ¶ 20-22.) Moreover, this search was "conducted in a public area and in the presence of other officers named in this complaint." (Amended Complaint at ¶ 21.)

On November 2, 2006, the plaintiff filed his Complaint. In it, he named as defendants: the District, Chief Ramsey,[2] Sergeant Neill, Sergeant Sloan, Detective Hendricks, Officer Manley, Officer Abdalla and "other unnamed officers." On December 18, 2006, the plaintiff filed an Amended Complaint. Generally, the Amended Complaint includes claims of civil rights violations, assault, battery, conspiracy, negligence, false imprisonment, *respondeat superior*, negligent training and supervision and intentional infliction of emotional distress.

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant, therefore, is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and

---

[2] The Office of the Attorney General notes that Fed. R. Civ. P. 25(d)(1) substitutes Acting Chief Cathy Lanier for former Chief Charles Ramsey, who is a named defendant in his official capacity. *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency … ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."). However, if the plaintiff intends to sue Acting Chief Lanier in her individual capacity, he should amend the Amended Complaint to name her and to include any factual allegations against her.

For ease in understanding, when this Motion refers to Chief Ramsey in his official capacity, it is also referring to Acting Chief Lanier. However, as demonstrated below, all official capacity claims against the Chief of Police (Ramsey and/or Lanier) and all individual claims against Chief Ramsey should be dismissed with prejudice.

unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Using this standard, the Court should grant the instant motion.[3]

I. **ALL 42 U.S.C. § 1983 CLAIMS AGAINST THE DISTRICT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

Even though the plaintiff alleges that Officer Manley's act of digitally penetrating his anus injured him and violated his rights that are guaranteed by 42 U.S.C. § 1983, the Amended Complaint does not appear to allege a constitutional violation against the District. (Amended Complaint at ¶ 28, generally.) To the extent that the plaintiff has alleged such a violation against the District, such a claim must fail because the plaintiff has failed to allege facts that indicate that his injury was caused by a policy or custom that a policymaker of the District approved. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."

---

[3] To the extent that any claims against the District and/or the Chief of Police survive the instant motion, undersigned counsel would respectfully request that the Court issue an Order directing that an Answer be filed in ten (10) days.

*Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Here, even with all reasonable inferences taken in favor of the plaintiff, the allegations presented in the Amended Complaint fall far short of establishing a municipal policy or custom. In fact, the plaintiff does not even identify any custom or policy of the District of Columbia.[4] Moreover, the plaintiff has not alleged that he suffered any injuries that were caused by any District custom or policy. As such, the plaintiff cannot recover in a suit against the District pursuant to 42 U.S.C. § 1983.

---

[4]  In fact, the only mention of the term "custom" in the Amended Complaint is in paragraphs 13 and 29. *See* Amended Complaint at ¶ 13 ("At all times relevant to this action, the Defendant Police Officers and Chief were acting under color of law under their authority as Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia…"). *See also* Amended Complaint at ¶ 29 ("At all relevant times, Defendant Officers … acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.").

This bare language, however, does not satisfy *Monell v. Dep't of Social Servs. of the City of New York*, which states that the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom that a policymaker of the District approved. 436 U.S. 658, 694 (1978). The Amended Complaint, which appears to allege only the single incident on September 2, 2006, cannot support an inference of a municipal policy or custom. *See Arnold v. Moore*, 980 F.Supp. 28, 36 (1997) (internal citations omitted) ("An allegation of a one-time constitutional violation is insufficient to establish the existence of a policy giving rise to governmental liability … absent proof that the incident was caused by an existing unconstitutional municipal policy.").

Moreover, undersigned counsel interprets plaintiff's claim entitled "negligent training and supervision" to be a common law tort claim, not a constitutional claim, because it references a duty, breach of duty, proximate cause, etc. *See* Amended Complaint at 11; *Kivanc v. Ramsey*, 407 F. Supp. 2d 270, 274 (D.D.C. 2006).

II.   **ALL 42 U.S.C. § 1983 CLAIMS AGAINST CHIEF RAMSEY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

    a.   **A Suit Against Chief Ramsey in His Official Capacity Is Duplicative of A Suit Against the District.**

The Amended Complaint states that Chief Ramsey is being sued "in both his individual and official capacities…" (Amended Complaint at 12.) However, "there is no longer a need to bring official capacity actions against local government officials, for . . . local government units can be sued directly . . ." *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985). A suit against District employees in his/her official capacity is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."). Assuming that the Court determines that the plaintiff properly articulated § 1983 claims against the District, the § 1983 claims against Chief Ramsey should be dismissed with prejudice because plaintiff's suit would be, in essence, a suit against the District.

    b.   **Alternatively, Respondeat Superior is Inapplicable in 42 U.S.C. § 1983 cases.**

Alternatively, it appears that the Amended Complaint is attempting to hold Chief Ramsey vicariously liable for the alleged unconstitutional actions of the other police officers. Under 42 U.S.C. § 1983, however, individual government employees cannot be held vicariously liable for the unconstitutional actions of others. *See Arnold v. Moore*, 980 F. Supp. 28, 35 (D.D.C. 1997) (internal citations omitted) ("It is well settled that public officials are not vicariously liable for the acts of their subordinates. Respondeat superior cannot form the basis for liability under §

7

1983."). *See also Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (internal citations omitted) ("It is clear that fellow government employees cannot be held liable under the theory of respondeat superior for either constitutional or common law torts."). Therefore, any claims that Chief Ramsey is liable under the theory of *respondeat superior* for any alleged constitutional violations must be dismissed with prejudice.

### c. The Amended Complaint Identifies No Specific Wrongdoing by Chief Ramsey.

Any individual capacity suit against Chief Ramsey must also be dismissed because there are no allegations of any wrongdoing against him. Notably, the Amended Complaint does not allege that Chief Ramsey was even present for the incident. *See, e.g., Nowlin v. Director, Dist. of Col. Dep't of Corr.*, 689 F. Supp. 26, 27 (D.D.C. 1988) (prerequisite to individual liability under § 1983 is "a showing of direct responsibility for the improper action"). Accordingly, any constitutional claims against Chief Ramsey must be dismissed with prejudice.

### d. Alternatively, Chief Ramsey is Entitled to Qualified Immunity.

To the extent that the Court determines that the plaintiff's Amended Complaint is a properly framed suit against Chief Ramsey in his individual capacity, and that the Amended Complaint identified specific wrongdoing by Chief Ramsey, he is immune from suit in the instant case.

It is well-settled that government officials enjoy a qualified immunity from constitutional and statutory claims against them. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Lederman v. United States*, 291 F.3d 36 (D.C. Cir. 2002). Qualified immunity arguments are especially appropriate early in the proceedings of a case. As noted by the Supreme Court:

> Where the defendant seeks qualified immunity, *a ruling on that issue should be made early in the proceedings* so that the costs and expenses of trial are avoided

> where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." …

*Saucier*, 533 U.S. at 200 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis added). "As a result," the Supreme Court wrote, "'we repeatedly have stressed the importance of resolving immunity questions at the *earliest possible stage* in litigation.'" *Saucier*, 533 U.S. at 201 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*) (emphasis added).

> The Supreme Court outlined its two-part test for examining claims of qualified immunity:
>
> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [Mayor's] conduct violated a constitutional right? … If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted).[5]

The plaintiff's Amended Complaint should be dismissed against Chief Ramsey because he is entitled to qualified immunity. *See Barham v. Ramsey*, 2006 U.S. App. LEXIS 807 * 14 (internal citations omitted) ("Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'").

In this case, in the absence of *any* facts describing Chief Ramsey's participation in—or even awareness of—any of the incidents described in the Amended Complaint, the Court cannot answer the threshold question in the affirmative. Chief Ramsey is entitled to a dismissal of all claims because the plaintiff's Amended Complaint, even when viewed in the light most favorable to the

---

[5] The *Saucier* Court also noted that "[t]his inquiry … must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." *Id.* at 201.

9

plaintiff, does not state a constitutional violation against him. As argued earlier, there are no facts that Chief Ramsey was even present during the incident described in the Amended Complaint. Moreover, there are no facts or evidence that Chief Ramsey violated any of the plaintiff's constitutional rights.

Furthermore, even if this Court was to determine that the plaintiff's rights were violated, there was no constitutional right that had been clearly established in the District that would put Chief Ramsey on notice that, given the specific facts of this case, the alleged conduct violated plaintiff's rights. *See Saucier*, 533 U.S. at 202 ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). As such, Chief Ramsey is entitled to qualified immunity and all constitutional claims against him should be dismissed with prejudice.

**III.   ALL COMMON LAW CLAIMS AGAINST CHIEF RAMSEY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The plaintiff's Amended Complaint alleges several common law claims, including assault, battery, conspiracy, negligence (police officers), false imprisonment (police officers), respondeat superior (District of Columbia), negligent training and supervision (District of Columbia and Chief Ramsey) and intentional infliction of emotional distress. Notably, Chief Ramsey is only identified by name in the count entitled "negligent training and supervision." To the extent that any of the remaining common law claims are directed to Chief Ramsey, they should be dismissed for failure to state a claim upon which relief can be granted because the plaintiff has not asserted any facts involving Chief Ramsey in these claims.

## A. The Amended Complaint Identifies No Specific Wrongdoing by Chief Ramsey.

With the exception of the negligent training and supervision claim, all of the common law claims made against Chief Ramsey must fail because they fail to allege any wrongdoing by Chief Ramsey. *See* Part II(C) *supra*. Moreover, there are no allegations that Chief Ramsey was even present during the September 2, 2006, incident described in the Amended Complaint. In the absence of such allegations, the plaintiff's common law claims against Chief Ramsey (with the exception of the negligent training and supervision claim) must be dismissed as a matter of law.

## B. The Negligent Training and Supervision Claim Against Chief Ramsey Should be Dismissed Because it is Duplicative of a Claim Against the District.

For the same reasons articulated in Part II(A), the negligent training and supervision claim against Chief Ramsey should be dismissed because it is duplicative of the plaintiff's negligent training and supervision claim against the District. As the District is already named a party, and this count is specifically directed to the District as well as Chief Ramsey, there is no other practical reason for this claim to remain against Chief Ramsey.[6]

WHEREFORE, the District respectfully requests the relief sought herein.[7]

                                            Respectfully submitted,

                                            LINDA SINGER
                                            Acting Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

---

[6] Additionally, the allegation is vague because the Amended Complaint fails to allege how the officers should have been trained and/or supervised, how their training and/or supervision was negligent and how this negligent training and/or supervision proximately caused an officer to digitally examine the plaintiff.
[7] If, however, the Court denies the instant motion, the defendants would respectfully request that the Court deny the motion without prejudice.

        /s/
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


        /s/
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Gary Lover,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 06-1872 (HHK)** |
| v. ) | |
| ) | |
| **District of Columbia, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER GRANTING DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF RAMSEY'S MOTION TO DISMISS AMENDED COMPLAINT**

Upon consideration of the Defendants' Motion, any opposition thereto, and the facts and law considered, it is this \_\_\_\_ day of _____, 2007,

HEREBY ORDERED that the Defendants' Motion is GRANTED; and it is further

ORDERED that the § 1983 claims against the District of Columbia are HEREBY DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Amended Complaint against Chief Ramsey and/or the Chief of Police is HEREBY DISMISSED WITH PREJUDICE.

_____
The Honorable Henry Kennedy
United States District Court Judge