UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY LOVER | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No: 1:06CV01872 (HHK) |
| | : |
| DISTRICT OF COLUMBIA, et. Al. | : |
| | : |
| Defendants. | : |

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF RAMSEY'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Gary Lover, by and through undersigned counsel, hereby move this Court to deny the defendant's Motion to Dismiss Amended Complaint. A Memorandum of Points and Authorities and a proposed order is attached hereto.

Respectfully submitted,

Brian K. McDaniel, Esq.
McDaniel & Associates P.A.
1211 Connecticut Avenue
Suite 506
Washington, DC 20036
Telephone: (202) 331-0793
Facsimile: (202) 331-7004
Counsel for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY LOVER | : |
| Plaintiff, | : |
| v. | : Case No: 1:06CV01872 (HHK) |
| DISTRICT OF COLUMBIA, et. Al. | : |
| Defendants. | : |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT</u>

Plaintiff Gary Lover (Plaintiff) submits the following memorandum of points and authorities in support of his Motion in Opposition to Defendants District of Columbia and Chief Ramsy's (Defendants) Motion to Dismiss the Amended Complaint. In support of the relief requested herein, the Plaintiff states the following:

I. ALL 42 U.S.C. § 1983 CLAIMS AGAINST DEFENDANT DISTRICT OF COLUMBIA SHOULD BE UPHELD BECAUSE OFFICER MANLEY'S ACTIONS WERE CONDUCTED PURSUANT TO A GOVERMENTAL CUSTOM.

"Although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels". *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-691, (1978). Without having been directly authorized, tacitly encouraged, or even inadequately trained, police officers may fall into patterns of

2

unconstitutional conduct. If these unconstitutional practices become sufficiently widespread, they may assume the quality of "custom or usage" which has the force of law for purposes of invoking the remedies provided by § 1983.

The constitutional violation in this instance is the result of a "custom" in the *Monell* sense. To some courts, a widespread pattern amounting to a "custom" is analogous to an implicit policy.[1] The most common way in which a plaintiff can prove the existence of an unconstitutional municipal policy or custom is through evidence of the occurrence of incidents similar to that which is the subject of the complaint. Such is the case here, and, allowed time for discovery this custom will be easily established.

The number of officers involved in this episode of improper conduct is another indicator of the existence of an unconstitutional policy or custom. "There is precedent for the proposition that where other evidence of the [unconstitutional] policy has been presented, and the single incident in question involves the concerted action of a large contingent of municipal employees, the event itself provides some proof of the existence of the underlying policy or custom." *Kivanc v. Ramsey*, 407 F.Supp.2d 270, 279 (D.D.C.,2006). (citing *Bordanaro v. McLeod*, 871 F.2d 1151, 1156-57 (1st Cir.1989)). At least four other officers were present and either watching or assisting in Officer Manley's intrusion of Plaintiff. (Amended Complaint at ¶¶ 21, 27, 28). The joint action of the police officers in committing these unconstitutional acts indicates that the officers

---

[1] *See Randall v. Prince George's County, Md.*, 302 F.3d 188 (C.A.4 (Md.),2002), "If a police force develops an unconstitutional "custom or usage," i.e., a widespread practice of a particular unconstitutional method, such custom or usage may be the basis for municipal liability…" *See also, Cannon v. Philadelphia,* 86 F. Supp. 2d 460 (E.D. Pa. 2000), "'Municipal custom,' as required for municipal liability claim under § 1983, is defined as such practices of state officials so permanent and well settled as to virtually constitute law…"

3

shared assumptions about the kind of conduct that was acceptable within their department. Where such conduct is well coordinated and there is no discussion or disagreement regarding its propriety, it also tends to show that the practices are long standing or have at least been engaged in previously by officers within the department, which is relevant to the existence of both policy and custom.

Based on the above discussion, with all reasonable inferences taken in favor of the Plaintiff, the Defendants Motion to Dismiss the § 1983 claims against Defendant District of Columbia should be denied.

II. ALL 42 U.S.C. § 1983 CLAIMS AGAINST DEFENDANT CHIEF RAMSEY SHOULD BE UPHELD BECAUSE THE CONSTITUTIONAL VIOLATIONS ENUMERATED IN THE COMPLAINT ARE A RESULT OF HIS INDIFFERENCE OR TACIT AUTHORIZATION OF HIS SUBORDINATES' MISCONDUCT.

Some courts have upheld § 1983 claims against supervisory officials where the supervisory official was not present at the scene of the constitutional violation. In *Hardeman v Clark*, 593 F. Supp. 1285 (D.C.D.C., 1984), a civil rights action under 42 U.S.C.A. § 1983 against, among others, chief of police, arising out of beating of plaintiff by police officers, a complaint alleging gross negligence in hiring, training, and supervision of officers survived the chief's motion to dismiss or for summary judgment since it did not seek to hold chief responsible for actions of subordinates on respondeat superior basis, but rather alleged that defendant's actions had resulted in deprivation of plaintiff's constitutional rights. Several other courts have listed among the ways supervisory liability under § 1983 can be shown to include, (1) direct participation in the alleged violation; (2) failure to remedy the violation after being informed of it; (3) creation or tolerance of a policy or custom under which the violation occurred; (4) gross

4

negligence in supervising subordinates who committed the violation; or (5) failure to act on information indicating that the violation was occurring." *See Hernandez v. Keane*, 341 F. 3d 137 (2d Cir. 2003), *see also, Lewis v. State of Connecticut Dept. of Corrections*, 355 F. Supp. 2d 607 (D. Conn. 2005), *see also, Davis v. County of Nassau*, 355 F. Supp. 2d 668 (E.D. N.Y. 2005).

    Chief Ramsey's conduct in the instant matter falls squarely within numbers (2), (3), (4) and (5) above. There are several indicators, which Plaintiff will prove through further discovery, including the number of officers involved in the misconduct and the frequency with which this injustice occurs, that the perpetrators in this matter where acting in accordance with an Metropolitan Police Department "custom". Plaintiff will also show that Chief Ramsey knew or should have known of the egregious conduct of his subordinates being perpetrated on the community and its citizens, and, with knowledge of such behavior should have acted to prevent it through proper training and supervision. Chief Ramsey's failure to detect and correct such behavior amounts to "deliberate indifference" to these wrongful acts and the safety of the District's citizenry. In *Whitfield v. Melendez-Riera*, 431 F.3d 1 (1st Cir. 2005), the court said, "Absent direct participation, a supervisor may only be held liable under § 1983 where (1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Stated differently, "To be liable for a subordinate's unconstitutional conduct in a civil rights action, a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of

what they might see." *Barham v. Ramsey*, 434 F.3d 565 (D.C. Cir 2006). Such is the case in this matter with Chief Ramsey.

Based on the above discussion, with all reasonable inferences taken in favor of the Plaintiff, the Defendants Motion to Dismiss all claims against Defendant Chief Ramsey should be denied. At a minimum, Defendant's motion should not be ruled on until the close of discovery.

WHEREFORE, Plaintiff respectfully requests Defendants' Motion to Dismiss Amended Complaint be denied.

Respectfully Submitted,

Brian K. McDaniel, Esq.
McDaniel & Associates P.A.
1211 Connecticut Avenue
Suite 506
Washington, DC 20036
Telephone: (202) 331-0793
Facsimile: (202) 331-7004
Counsel for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY LOVER | : |
| Plaintiff, | : |
| v. | : Case No: 1:06CV01872 (HHK) |
| DISTRICT OF COLUMBIA, et. Al. | : |
| Defendants. | : |

## ORDER DENYING DEFENDANTS' DISTRICT OF COLUMBIA AND CHIEF RAMSEY'S MOTION TO DISMISS AMENDED COMPLAINT

Upon consideration of Defendants' Motion and Plaintiff's opposition thereto, and the facts and law considered, it is this _____ day of _____, 2007,

HEREBY ORDERED that the Defendants' Motion to Dismiss the Amended Complaint is DENIED WITH PREJUDICE.

_____
The Honorable Henry Kennedy
United States District Court Judge

7