**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Gary Lover,** )<br>)<br>    **Plaintiff,** )<br>) <br>**v.** )<br>)<br>**District of Columbia, et al.,** )<br>)<br>    **Defendants.** )<br>_____) | **Civil No. 06-1872 (HHK)** |

### DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF RAMSEY'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS AMENDED COMPLAINT

The defendants, District of Columbia and Chief Ramsey, submit this Reply to plaintiff's Opposition to their Motion to Dismiss the Amended Complaint. These defendants argued that all constitutional claims against the District and Chief Ramsey, and all common law claims against Chief Ramsey, should be dismissed for failure to state a claim upon which relief can be granted. Specifically, as to the District, the defendants argued that the plaintiff did not allege a policy or custom. As to the constitutional claims against Chief Ramsey, the defendants argued that an official capacity suit against Chief Ramsey is duplicative of a suit against the District; respondeat superior is inapplicable in constitutional cases; the Amended Complaint identifies no specific wrongdoing by Chief Ramsey; and, alternatively, Chief Ramsey is entitled to qualified immunity. As to the common law claims against Chief Ramsey, those claims should be dismissed because the Amended Complaint identifies no specific wrongdoing by Chief Ramsey.

In response to plaintiff's Opposition, the defendants submit that the plaintiff's Opposition was untimely and the Motion should be treated as conceded and granted. Alternatively, it fails to rebut the defendants' arguments. Accordingly, the Court should grant the defendants' Motion.

1. **DEFENDANTS' MOTION SHOULD BE TREATED AS CONCEDED BECAUSE PLAINTIFF'S OPPOSITION WAS UNTIMELY.**

The defendants filed their Motion on March 15, 2007. The plaintiff filed his Opposition *thirty three days later*, on April 17, 2007. Notably, the plaintiff did not seek leave to late file his Opposition or offer any explanation whatsoever for his failure to comply with the rules of procedure. Accordingly, the Court should treat the defendants' motion as conceded and dismiss the claims against the District and Chief Ramsey. *See* Local Rule 7(b) ("Within 11 days of the date of service or at such time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

2. **PLAINTIFF'S OPPOSITION DOES NOT REBUT THE DEFENDANTS' ARGUMENTS.**

The plaintiff's Opposition argues that all constitutional claims against the District should not be dismissed because Officer Manley was acting pursuant to a governmental custom. It also argues that Chief Ramsey should remain as a defendant for the constitutional violations because the allegations are the "result of his indifference of tacit authorization of his subordinates' misconduct." (Opposition at 4.) However, the allegations in the Amended Complaint do not support either of these arguments. Therefore, as a matter of law, both defendants should be dismissed from the case.

### A. The Amended Complaint Does Not Allege a Municipal Policy or Custom.

Very simply, the Amended Complaint fails to identify a governmental policy or custom that caused plaintiff's injuries. In fact, the plaintiff essentially concedes that he has not alleged a policy or custom and he asks the Court to allow him to conduct discovery to "prove the existence of an unconstitutional municipal policy or custom." (Opposition at 3.) The Court should not allow the plaintiff to conduct a fishing expedition by claiming in an Opposition that he thinks he can prove a policy or custom through discovery. The plain language of the Amended Complaint fails to allege a municipal policy or custom that caused the plaintiff injury. Accordingly, in the absence of any such allegations, any constitutional claims against the District should be dismissed.

The plaintiff's last attempt to save his constitutional claims against the District cites legal authority for the proposition that when there is evidence of an unconstitutional policy and a single incident involving "a large contingent of municipal employees," the incident itself is proof of the existence of an underlying policy. (Opposition at 3, *citing, Kivanc v. Ramsey*, 407 F. Supp. 2d 270, 279 (D.D.C. 2006).) However, this proposition is not applicable to this case for two reasons. First, as described above, the Amended Complaint simply does not allege that the MPD has a policy or custom of digitally penetrating the anuses of suspects in the absence of probable cause. At best, the Amended Complaint alleges one incident, which is insufficient as a matter of law to demonstrate a policy or custom. *See Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 54 (D.D.C. 2005), *citing*, *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ("a single incident is clearly insufficient to establish the existence of a policy amounting to 'deliberate indifference.'"). Second, *Kivanc* is factually distinguishable because there, it was alleged that over 30 police officers were involved, either

directly or indirectly, in the alleged violations. Here, at best, there were five officers in addition to Chief Ramsey who, by plaintiff's own admission, was not even present in the building when the alleged search occurred. Plaintiff has provided no legal authority that the alleged presence of five officers is a sufficiently "large contingent of municipal employees" from which a policy or custom could even be inferred.[1] Accordingly, in the absence of any allegation of a municipal policy or custom that caused the plaintiff injury, let alone any allegations of such a policy or custom coupled with allegations of a sufficiently "large contingent of municipal employees," the plaintiff's constitutional claim against the District must fail and should be dismissed.

> **B. There are No Allegations in the Amended Complaint To Support Plaintiff's Claim of Supervisory Liability Against Chief Ramsey for Any Constitutional Violations.**

Plaintiff appears to concede that Chief Ramsey and the District cannot be liable under a *respondeat superior* theory of liability for constitutional claims.[2] He also appears to concede that Chief Ramsey was not present for the incident described in the Amended Complaint. Yet, in his Opposition, he argues that supervisory liability can exist when: 1) a supervisor fails to remedy the violation after being informed of it; 2) the supervisor creates or tolerates a policy or custom under which the violation occurred; 3) gross negligence in supervising subordinates who committed the violation or 4) failure to act on information indicating that the violation was occurring. (Opposition at 4-5.)

---

[1] Even if the Court denies the District's Motion to Dismiss with respect to the plaintiff's constitutional claims, the Court should still dismiss all official capacity claims against Chief Ramsey as duplicative. Notably, the plaintiff did not address this argument in his Opposition. Accordingly, the Court should treat this issue as conceded and dismiss any official capacity suit against Chief Ramsey. *See* Local Rule 7(b) ("Within 11 days of the date of service or at such time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

[2] Any such constitutional claims based on *respondeat superior* should be dismissed with prejudice.

4

Although plaintiff's legal citations are primarily from other circuits, the fact remains that the plaintiff did not allege *any* facts similar to any of these scenarios in his Amended Complaint.[3] Significantly, there are absolutely no allegations in the Amended Complaint, even when taking the allegations in the light most favorable to the plaintiff, from which this Court could conclude that Chief Ramsey "[knew] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye to it..." (Opposition at 5, *citing*, *Barham v. Ramsey*, 434 F.3d 565, 578 (D.C. Cir. 2006).) Moreover, Chief Ramsey is not even identified by name or title in either the facts section of the Amended Complaint or the sole constitutional claim, entitled "Civil Rights Claims Under 42 U.S.C. § 1983." Therefore, he is not on any notice of a constitutional claim against him. *See* Fed. R. Civ. P. 8(a). Moreover, Chief Ramsey should be given qualified immunity because the Amended Complaint does not allege conduct by him that violates plaintiff's constitutional rights.

Through his Opposition, it appears that the plaintiff is attempting to amend the allegations in his Amended Complaint in order to survive a motion to dismiss. Alternatively, plaintiff requests that the Court allow him to conduct discovery on this issue. However, as stated in the Motion, one of the benefits of an early request for qualified immunity is to protect defendants from the burdens of litigation. *See Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994) ("The immunity from suit includes protection from the burdens of discovery.")

---

[3] The United States District Court for the District of Columbia has concluded: "A supervisor can be held liable for a constitutional violation only if a plaintiff can demonstrate: (1) a grave risk of harm; (2) the supervisor's actual or constructive knowledge of that risk; and (3) the supervisor's failure to take available measures to address the risk." *See Reed v. District of Columbia*, 2007 U.S. Dist. LEXIS 12252 * 15, *citing*, *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994). Even with this standard, the plaintiff has simply not alleged sufficient facts from which this court could conclude the Amended Complaint stated a claim upon which relief can be granted.

Accordingly, it is appropriate for the Court to make the decision regarding Chief Ramsey's request for qualified immunity at this early stage in this case, prior to discovery.

In conclusion, given the absence of any such allegations whatsoever that Chief Ramsey was present for the incident described in the Amended Complaint, that he had any prior or subsequent knowledge of the allegations therein or that his conduct violated the plaintiff's rights, the Court should grant Chief Ramsey's request for qualified immunity.[4]

WHEREFORE, for the foregoing reasons, the Court should grant the defendants' Motion to Dismiss.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

---

[4] Additionally, as the plaintiff failed to address any of Chief Ramsey's arguments with respect to any common law claims against him, those arguments should be treated as conceded. Accordingly, any common law claims lodged against Chief Ramsey should be dismissed with prejudice.