IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY R. LOVER, | : | |
| | : | |
| Plaintiff, | : | Civil Action 06-01872(HHK) |
| | : | Next Event: Scheduling Conf. |
| v. | : | Next Court Date: May 8, 2007 |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEET AND CONFER STATEMENT**

COMES NOW, the plaintiff, Gary R. Lover, by and through his counsel, Brian K. McDaniel, jointly with the Defendants, Officer Abdalla, Sergeant Sloan and Detective Hendrick, by and through their counsel, Assistant Attorney General Dana K. DeLorenzo, and defendants Officer Steven Manley and Officer Gerald Neill, by and through their counsel, Assistant Attorney General Michael Bruckheim, pursuant to LCvR 16.3(a) of the Local Rules and Fed.R.Civ.P 26(f) and 26(f)1 and submit this Meet and Confer Statement.[1]

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties are not in agreement in their responses to this question. Defendants District of Columbia and Chief Ramsey have filed a Motion to Dismiss Amended

---

[1] The District and Chief Ramsey have a dispositive motion pending and they take no position on any of the deadlines herein.
    The Court gave defendants Officer Manley and Sergeant Neill, who are represented by separate counsel, until May 6, 2007 to file a response to the Amended Complaint.

1

Complaint. Plaintiff has filed a Motion in Opposition to the Defendant's Motion to Dismiss Amended Complaint. That motion remains pending.

Plaintiff contends that the filing of this motion does not preclude the creation of a scheduling order to outline the discovery which is eligible to begin immediately. Whether the court grants or denies the pending Defense Motion, the pendency of the same would not preclude the initiation of discovery regarding the individual defendants for which no dispositive motions have been filed. The issuance of Interrogatories, Request for Production of Documents, Identification of Experts and scheduling of Depositions should not be delayed.

The Plaintiff notes that at least one Motion for Extension of time to respond to the original complaint has been consented to by plaintiff. Further delay is opposed by the plaintiff.

All defendants contend that resolution of the pending motion could have an impact on the discovery and other deadlines in the case. Moreover, two of the defendants, Officer Manley and Sergeant Neill, have leave to file a response to the Amended Complaint by May 6, 2007. It would, therefore, not be efficient for some of the parties to proceed with scheduling deadlines during the pendency of an outstanding dispositive motion.

 **(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree to the following date limitations:

Joinder of Parties                                          By  July 8, 2007

Amendment of Pleadings                                      By  July 8, 2007

The parties are in dispute regarding the central allegation alleged in this suit. Plaintiff alleges that on September 2, 2006, Officer Manley, while in the presence of Officers Neill, Sloan, Abdalla, Hendricks and others, did compel Mr. Lover to go inside a public apartment complex where it is alleged that, over the objections of Mr. Lover and other members of this community, he pulled down Mr. Lover's pants, put on a plastic glove and digitally penetrated his anus. Plaintiff further alleges that the District of Columbia and Chief Ramsey were complicit in this and other such acts by allowing Officers of the Metropolitan Police Department, and particular the narcotics division, to conduct these types of intrusive cavity searches in contravention of their sham policy mandating that these type of searches take place in a secure facility and in the presence of a medical care provider.

The District and Chief Ramsey have filed a dispositive motion, which is pending before the Court.  Their position is outlined in that Motion.  Officer Abdalla, Sergeant Sloan and Detective Hendrick deny any and all wrongdoing alleged in the Amended Complaint and incorporate by reference all of the defenses asserted in their respective Answers.  Although they were at the location cited in the Amended Complaint, they did not go inside the apartment complex and deny any involvement and/or awareness of such a search as described in the Amended Complaint.

Because defendants Manley and Neill dispute plaintiff's allegations, the factual and/or legal issues cannot be agreed upon or narrowed.  These defendants have been

3

given leave until May 6, 2007, to file a response to the Amended Complaint, and will assert their defenses in their Answer to the Amended Complaint.

**(3)   Whether the case should be assigned to a magistrate judge for all purposes including trial.**

The parties do not request assignment of this matter to a magistrate judge. Officer Abdalla, Sergeant Sloan and Detective Hendrick request assignment of a magistrate judge for mediation only.

**(4)   Whether there is a realistic possibility of settling the case.**

The plaintiff believes that settlement at this stage does not seem likely. Defendants Manley and Neill do not believe there is a realistic possibility of settling this case at this stage of the litigation. The remaining defendants are willing to meet for early mediation and believe that there is a possibility, albeit remote at this time, that this case may settle.

**(5)   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff counsel has discussed with his client the potential for ADR and the topics which it is tailored to address. Given the nature of the allegations, the position of the District of Columbia and the Individual officers regarding the occurrence at all, and the economic and non-economic motivations of the suit, the plaintiff does not wish to participate in ADR.

Defendant Officer Abdalla, Sergeant Sloan and Detective Hendrick (and the District and Chief Ramsey, if the Court denies the dispositive motion) believe that mediation may be appropriate before discovery or certainly after the close of discovery. Defendants Manley and Neill defer to the District and this Court on this issue.

**(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions and replies; and proposed dates for decision on the motions.**

Plaintiff contends that there are numerous genuine issues regarding material facts and that neither party would be entitled to a dismissal or judgment as a result of a summary judgment motion. As such, the plaintiff is not making a request for a pleadings schedule for either dispositive motions or motions for summary judgment.

However, the District defendants believe that some, if not all, of the issues may be resolved at the summary judgment stage and propose the following deadlines:

| | |
|---|---|
| Summary Judgment motion | By October 8, 2007 |
| Oppositions to Summary Judgment motion | By November 8, 2007 |
| Reply Briefs | By November 27, 2007 |

**(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to waive initial disclosures and shall proceed with discovery as outlined by this court in its scheduling order.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be place on discovery, whether a protective order is appropriate; and a**

**date for the completion of all discovery, including answers to interrogatories, document production, request for admissions and depositions.**

The parties anticipate the exchange of interrogatories, request for production of documents, admissions and the taking of deposition during the discovery period. Given the number of individuals involved in the litigation and the issues in contention, the plaintiff believes the parties will need four months to complete the discovery.

Officers Manley, Neill, Abdalla, Sergeant Sloan and Detective Hendrick agree that discovery should close on September 8, 2007. However, the District defendants propose that written discovery be served by July 8, 2007. Also, given the number of defendants, these defendants also propose that the plaintiff be limited to 10 interrogatories as to the individually named defendants and requests for production of documents for each of them.[2]

**(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified and whether and when depositions of experts should occur.**

The parties agree that the exchange or expert witness reports should take place in accordance with F.R.Civ.P. Rule 26(a)(2) and should take place during the period of discovery which is outlined by this court assuming the Track Two Standard scheduling and consistent with the four month period of discovery suggested by the parties. The parties suggest that the plaintiff designate an expert by July 8, 2007, and the defendants designate an expert by August 8, 2007.

---

[2] To the extent that the District and Chief Ramsey remain as parties, the defendants request that the plaintiff be limited to 15 interrogatories to the District and 10 for each individual officer.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

As this matter does not involve class certification, this is not an issue before the court.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The plaintiff does not believe that the trial and/or discovery should be bifurcated. To the extent that the Court denies the District of Columbia's Motion, and the District remains a defendant, it reserves the right to request bifurcation of discovery and/or trial. Defendant Manley and Neill reserve their rights to seek bifurcation should the need arise.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The plaintiff requests a pretrial conference on September 4, 2007. Defendants Manley and Neill propose that a pretrial be set after the Court resolves any filed dispositive motions. In the event no motions are filed, these defendants propose that a pretrial conference be scheduled 30 days after the date on which dispositive motions were due. In light of the other deadlines, including the proposed dispositive motions deadlines, the remaining District defendants request that a pretrial conference date be set at mediation, which should occur after the Court rules on any pending motions.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the conference.**

The plaintiff requests that this court set a firm date for trial during the initial scheduling conference. The District defendants request that the Court set a trial date at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

        Respectfully Submitted,

        /s/ Brian K. McDaniel_____
        Brian K. McDaniel, Esq.
        McDaniel & Asso. P.A.
        1211 Connecticut Ave. N.W.
        Suite 506
        Washington, D.C. 20036
        Telephone (202) 331 – 0793
        bkmassociates@aol.com

        Counsel for the Plaintiff.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Phillip A. Lattimore, III*
        PHILLIP A. LATTIMORE, III [422968]
        Section Chief
        General Litigation Section III

*/s/ Dana K. DeLorenzo*
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov


*Counsel for the District of Columbia, Chief Ramsey, Officer Abdalla, Detective Hendrick and Sergeant Sloan*


/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


/s/ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov
Counsel for Defendants Manley and Neill

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GARY R. LOVER,** | : | |
| | : | |
| Plaintiff, | : | Civil Action 06-01872(HHK) |
| | : | Next Event: Scheduling Conf. |
| v. | : | Next Court Date: May 8, 2007 |
| | : | |
| **DISTRICT OF COLUMBIA,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## SCHEDULING ORDER

Upon consideration of the parties' joint meet and confer statement, it is this ___ day of _____, 2007, hereby **ORDERED** as follows:

1. <u>Case Tracking Category</u>. The case is assigned to a standard track, with certain modifications. Written discovery requests shall be served no later than 60 days before the close of discovery and all discovery will close on September 8, 2007.

2. <u>Amended Pleadings</u>. Amended pleadings must be filed by July 8, 2007.

3. <u>Joinder of Parties</u>. Any other parties must be joined by July 8, 2007.

4. <u>Dispositive Motions</u>. Any dispositive motion must be filed in accordance with the following schedule:

| | |
|---|---|
| Summary Judgment motion | By October 8, 2007 |
| Opposition(s) to Summary Judgment motion | By November 8, 2007 |
| Reply Brief(s) | By November 27, 2007 |

5. <u>Initial Disclosures</u>. Initial disclosures will be waived.

6. <u>Discovery</u>. Discovery will close on September 8, 2007.

7. <u>Experts</u>. Plaintiff will designate his expert(s) by July 8, 2007, and defendants shall designate their expert(s) by August 8, 2007.

      8.      <u>Pretrial Conference</u>.  The pretrial conference will be held on _____, 2007, and/or will be set no more than 30 days after the dispositive motions' deadline if no motion has been filed.

      9.      <u>Trial Date</u>.  The trial will be set at the pretrial conference.

**SO ORDERED.**

_____
The Honorable Henry H. Kennedy
United States District Judge