# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GARY R. LOVER,     :
           :
   Plaintiff,     :
           :
v.           :
           :  CV-06-1872 (HHK)
DISTRICT OF COLUMBIA, *et al.*,  :
           :
   Defendants.    :
_____:

## DEFENDANTS STEVEN MANLEY AND GERALD NEILL'S ANSWER TO THE AMENDED COMPLAINT

Defendants Steven Manley and Gerald Neill ("Defendants") answer the Amended Complaint with particularity as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1. Defendants admit the existence of the statutes cited in paragraph number 1 of the Amended Complaint, but deny that jurisdiction is conferred upon this Court solely by reason thereon.

2. Defendants admit the existence of the statutes cited in paragraph number 2 of the Amended Complaint, but deny that jurisdiction is conferred upon this Court solely by reason thereon.  Furthermore, defendants deny that plaintiff has complied with said statutes.

3. Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 3 of the Amended Complaint.  To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

4.      Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 4 of the Amended Complaint.  To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

5.      Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 5 of the Amended Complaint.  To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      Admitted.

11.      Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 11 of the Amended Complaint.  To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

12.      Defendants deny that Charles Ramsey is currently the Chief of the Metropolitan Police Department.  Further answering, the remaining allegations are the legal conclusions of the pleader to which no response is required.

13.      The allegations in paragraph 13 are the legal conclusions of the pleader to which no response is required.

14.      The allegations in paragraph 14 are the legal conclusions of the pleader to which no response is required.

15.     Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 15 of the Amended Complaint.  To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

16.     Defendants admit that on September 2, 2006, plaintiff was standing outside 225 51st Street, NE when defendants approached him.  Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 16 of the Amended Complaint.

17.     Admitted.

18.     Defendants deny that defendant Manley grabbed plaintiff's arm and forcefully led him into the building at 225 51st Street, SE.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Defendants deny that there was an invasive search.  Defendants admit that plaintiff was not arrested nor taken into custody.

23.     Denied.

<u>Count I</u>
<u>Civil Rights Claims under 42 U.S.C. § 1983</u>

24.     These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

25.     The allegations contained in paragraph number 25 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

3

26.     The allegations contained in paragraph number 26 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

27.     The allegations contained in paragraph number 27 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

28.     Denied.

29.     Defendants admit that they wore MPD apparel, and were on active duty as MPD officers.  The remaining allegations contained in paragraph number 29 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

30.     The allegations contained in paragraph number 30 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

31.     Denied.

32.     Denied.

<u>Count II</u>
<u>Assault</u>

33.     These Defendants incorporate herein by reference theirs responses to the preceding paragraphs of the Amended Complaint.

34.     Denied.

35.     Denied.

36.     The allegations contained in paragraph number 36 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

37.    Denied.

38.    Denied.

Count III
Battery

39.    These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

40.    Denied.

41.    Denied.

42.    The allegations contained in paragraph number 42 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

43.    Denied.

44.    Denied.

Count IV
Conspiracy- Police Officers

45.    These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

46.    Denied.

47.    Denied.

48.    Denied.

Count V
Negligence- Police Officers

49.    These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

50.    Denied.

5

51.     The allegations contained in paragraph number 51 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.

52.     Denied.

53.     Denied.

54.     Denied.

Count VI
False Imprisonment- Police Officers

55.     These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

56.     The allegations contained in paragraph number 56 of the Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, Defendants deny these allegations and demands strict proof at trial.

57.     Denied.

58.     Denied.

Count VII
Respondeat Superior- District of Columbia

59.     These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

60.     The allegations contained in paragraph number 60 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

61.     The allegations contained in paragraph number 61 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

## Count VIII
### Negligent Training and Supervision- District of Columbia and Charles Ramsey

62.     These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

63.     The allegations contained in paragraph number 63 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

64.     The allegations contained in paragraph number 64 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

65.     The allegations contained in paragraph number 65 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

66.     The allegations contained in paragraph number 66 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

67.     The allegations contained in paragraph number 67 of the Amended Complaint are not directed to these defendants, and as such, no response is necessary.

## Count IX
### Intentional Infliction of Emotional Distress

68.     These Defendants incorporate herein by reference their responses to the preceding paragraphs of the Amended Complaint.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

### Third Defense

If plaintiff was injured and/or incurred damages as alleged in the Amended Complaint, such injuries and/or damages was the result of his sole and/or contributory negligence and/or his assumption of the risk and/or his wanton and willful conduct and/or the acts of a third party.

### Fourth Defense

If plaintiff was injured and/or incurred damages as alleged in the Amended Complaint, such injuries and/or damages was the result of the negligence of a person or persons other than the Defendants.

### Fifth Defense

Plaintiff has failed to mitigate his damages.

### Sixth Defense

Defendants are immune under the doctrines of qualified immunity and/or privilege.

### Seventh Defense

The statute of limitations and/or the doctrine of laches may bar this action.

### Eighth Defense

Defendants' actions were not the proximate cause of plaintiff's injuries.

### Ninth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages were not caused by a breach of duty owed plaintiff by these Defendants.

### Tenth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, then such injuries and/or damages were caused by superseding causes not within the Defendants' control.

**Eleventh Defense**

At all times relevant and appropriate, the Defendants have fulfilled any and all legal obligations that may have been owed to the plaintiff.

**Twelfth Defense**

The actions taken toward the plaintiff by the Defendants were only such actions as were reasonable, lawful, taken in good faith and/or necessary under the circumstances.

**Thirteenth Defense**

These Defendants did not engage in any unlawful contact with the plaintiff.

**JURY DEMAND**

These Defendants demand a trial by a jury of twelve (12).

Defendants reserve the right to amend their Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendants Steven Manley and Gerald Neill urge the Court to dismiss the Amended Complaint with prejudice and award costs and attorney's fees to these Defendants.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___\s_____

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov