UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY R. LOVER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: **06CV01872** |
| | : | Judge: Henry H. Kennedy |
| DISTRICT OF COLUMBIA, et. al. | : | Next Date: |
| | : | |
| Defendants. | : | |

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15, and respectfully moves this Honorable Court for leave to file an amended complaint for the following reasons: 1) additional parties have come forward alleging the same or substantially similar constitutional and common law violations by the defendants as the Plaintiff has previously alleged would occur during discovery; 2) there is commonality between the claims as all plaintiffs allege a course of conduct by individual officers and their employers, the District of Columbia evidencing the custom and accepted practices of the officers which resulted in the constitutional violations; 3) Leave to Amend should be granted pursuant to Rule 15; and 4) Defendants will not be prejudiced by the relief requested.

Plaintiff sought consent for this motion from Counsel for Defendant, but consent was not obtained.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant leave to file his Second Amended Complaint and such other relief as the Court Deems appropriate.

Grounds for this motion are set forth more fully in the accompanying

Memorandum of Points and Authorities.

                                                          Respectfully submitted,


                                                _____/s/_____
                                                Brian K. McDaniel, Esq.
                                                D.C. Bar # 45807
                                                McDaniel & Associates, P.A.
                                                1211 Connecticut Avenue
                                                Suite 506
                                                Washington, DC 20036
                                                Telephone:  (202) 331-0793
                                                Counsel for the Plaintiff



                            CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that a copy of Plaintiff's Motion to File Second Amended

Compliant were mailed, postage prepaid to Assistant Attorney General, Michael P.

Bruckheim, 441 4th Street, NW, 6th Floor-South, Washington, DC 20001, attorney for

Officer Gerald Neill and Stephan Manley, and Assistant Attorney General, Nicola Grey,

and 441 4th Street, NW, 6th Floor-South, Washington, DC 20001, attorney for the District

of Columbia and Chief Charles Ramsey this  30th  Day of November , 2007.



                                            _____/s/_____
                                            Brian K. McDaniel, Esq.
                                            McDaniel & Associates, P.A.
                                            1211 Connecticut Ave. NW, Suite 506
                                            Washington, D.C. 20036
                                            Telephone: (202) 331 - 0793
                                            Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY R. LOVER                              :
                                           :
                        Plaintiff,         :
                                           :
v.                                         :      Case No.:  **06CV01872**
                                           :      Judge:  Henry H. Kennedy
DISTRICT OF COLUMBIA, et. al.              :
                                           :
                        Defendants.        :

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, by and through undersigned counsel, submits this memorandum of
points and authorities in support of his Motion for Leave to File Second Amended
Complaint.  Plaintiff's Motion should be granted for the reasons set forth below.

I. INTRODUCTION

Gary R. Lover ("Plaintiff") filed a suit against the District of Columbia, Chief
Charles Ramsey and several named and unnamed Metropolitan Police Department
Officers (hereinafter "Defendants" or "MPD") on November 2, 2006 alleging violation of
civil rights under 42 U.S.C. 1983 and several common law claims.

The Motion before this Court seeks to allow Plaintiff to amend his complaint to
include additional plaintiffs whose constitutional and common law rights were violated in
the same or a substantially similar way by the District of Columbia, the Chief of the MPD
and individual officers of the MPD, *See* Complaint, attached hereto at Exhibit A
("Complaint").  Plaintiff should be allowed to amend the Complaint based on facts and
information that were revealed in the course of discovery in this case.  Furthermore,
Defendant would not suffer any cognizable prejudice if this motion were granted.

II.  <u>ARGUMENT</u>

    <u>Plaintiff's Motion for Leave to Amend Should be Granted</u>

    Rule 15(a) of the Federal Rules of Civil Procedure provides that after the initial opportunity for the amendment of pleadings has expired, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a).  After the filing of responsive pleadings, leave to amend is within the discretion of the trial court.  *Johnson v. Fairfax Village Condo IV,* 641 A.2d 495,501 (D.C. 1994).  *Johnson* also provides that "although the decision rests within the trial court's discretion, the policy which favors resolution of cases on the merits imposes a 'virtual presumption' that leave should be granted absent sound reasons which dictate a contrary result." *Johnson* at 501.

    In granting a motion to amend, the Court may consider, in part, the following factors: the number of requests to amend, presence of bad faith, and prejudice to Defendant.  In the instant case, the Plaintiff has amended the complaint only once, and only to correct the name of a Defendant MPD Officer.  Further, Plaintiff, in his request to amend, has displayed good faith because he has previously indicated that through discovery he would provide the names of additional parties that suffered similar constitutional and common law violations by alleging that the Defendants acted pursuant to a custom and accepted practices pervasive throughout the several districts of the MPD. This amendment to the complaint simply serves to add those additional parties that have come forward in support of the Plaintiff's contention of a custom, to have those additional parties grievances addressed by this court and to add one additional cause of

4

action particular to the new plaintiffs.  No prejudice to Defendants will result in the granting of this Motion.

III.  <u>CONCLUSION</u>

      For each of the foregoing reasons, Plaintiff's Motion should be granted.


                                      Respectfully submitted,


                                    _____/s/_____
                                    Brian K. McDaniel, Esq.
                                    D.C. Bar # 45807
                                    McDaniel & Associates, P.A.
                                    1211 Connecticut Avenue
                                    Suite 506
                                    Washington, DC 20036
                                    Telephone:  (202) 331-0793
                                    Counsel for the Plaintiff

# Exhibit A

# COMPLAINT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY R. LOVER                                  :
225 51st Street, NE                            :
Washington, DC                                 :
                                               :
and                                            :
                                               :
BERNARD MATTHEWS                               :
4660 Martin Luther King Ave. SW,               :
Apt. # A814                                    :
Washington, DC  20032                          :
                                               :
and                                            :
                                               :
WILLIAM CHRISTOPHER MALLOY                     :
501 50th Place NE                              :
Washington, DC 20019                           :
                                               :
and                                            :
                                               :
KEVIN T. ANDERSON                              :
2010 Alice Ave.                                :
Oxen Hill, MD 20745                            :
                                               :
and                                            :
                                               :
BRIAN COVINGTON                                :
1404 Young Street SE,                          :
Washington, DC 20020                           :
                                               :
and                                            :
                                               :
DERRICK CRAIG                                  :
308 63rd St. NE                                :
Washington, DC 20019                           :
                                               :
                               Plaintiffs,     :
                                               :
v.                                             :     Case No.:  **06CV01872**
                                               :     Judge:  Henry H. Kennedy
Defendant to all Plaintiffs                    :
                                               :
DISTRICT OF COLUMBIA                           :
441 4th Street, NW                             :

Washington, DC  20001                           :
Serve:                                          :
Mayor Adrian Fenty                              :
Attorney General Robert J. Spagnoletti          :
                                                :
                                                :
and                                             :
                                                :
                                                :
Defendant to Plaintiffs Gary R. Lover and       :
Bernard Matthews                                :
                                                :
CHIEF CHARLES RAMSEY                            :
Metropolitan Police Department                  :
300 Indiana Ave. NW                             :
Washington, DC 20001                            :
individually and in his official capacity,      :
                                                :
and                                             :
                                                :
Defendant to Plaintiffs                          :
William Christopher Malloy,                      :
Kevin T. Anderson, Brian Covington,             :
and Derrick Craig                                :
                                                :
CHIEF CATHY L. LANIER                           :
Metropolitan Police Department                  :
300 Indiana Ave. NW                             :
Washington, DC 20001                            :
individually and in her official capacity,      :
                                                :
and                                             :
                                                :
Defendants to Plaintiff Gary R. Lover           :
                                                :
OFFICER STEVEN A MANLEY,                        :
Metropolitan Police Department                  :
individually and in his official capacity,      :
                                                :
and                                             :
                                                :
SERGEANT GERALD NEILL                           :
Metropolitan Police Department                  :
individually and in his official capacity,      :
                                                :
and                                             :
                                                :
SERGEANT SLOAN                                  :

Metropolitan Police Department
individually and in his official capacity,                :

and                                                       :

OFFICER ABDALLA                                           :
Metropolitan Police Department                            :
individually and in his official capacity,                :

and                                                       :

DETECTIVE HENDRICKS                                       :
Metropolitan Police Department                            :
individually and in his official capacity,                :

and                                                       :

OTHER UNNAMED OFFICERS                                    :
Metropolitan Police Department                            :
individually and                                          :
in their official capacities,                             :

and                                                       :

Defendants to                                             :
Plaintiff Bernard Matthews                                :

UNNAMED OFFICERS,                                         :
Metropolitan Police Department                            :
individually and                                          :
in their official capacities,                             :

and                                                       :

Defendants to Plaintiff                                   :
William Christopher Malloy                                 :

OFFICER DAVID RANDOLPH,                                   :
Metropolitan Police Department                            :
individually and in his official capacity,                :

and                                                       :

OFFICER SEMUS BRACKET                                     :
Metropolitan Police Department                            :
individually and in his official capacity,                :

```
                                              :
and                                           :
                                              :
OFFICER DATHAN BROWN                          :
Metropolitan Police Department                :
individually and in his official capacity,    :
                                              :
and                                           :
                                              :
OFFICER A. MAULFAIR                           :
Metropolitan Police Department                :
individually and in her official capacity,    :
                                              :
and                                           :
                                              :
OTHER UNNAMED OFFICERS,                        :
Metropolitan Police Department                :
individually and                              :
in their official capacities,                 :
                                              :
and                                           :
                                              :
Defendants to Plaintiff Kevin T. Anderson     :
                                              :
OFFICER CROSON                                :
Metropolitan Police Department                :
Individually and in his official capacity,    :
                                              :
and                                           :
                                              :
OFFICER NGUYEN                                :
Metropolitan Police Department                :
Individually and in his official capacity,    :
                                              :
OFFICER HARRY SOWERS                          :
Metropolitan Police Department                :
Individually and in his official capacity,    :
                                              :
and                                           :
                                              :
OFFICER MELBY                                 :
Metropolitan Police Department                :
Individually and in his official capacity,    :
                                              :
and                                           :
                                              :
```

OTHER UNNAMED OFFICERS            :
Metropolitan Police Department    :
Individually and                  :
in their official capacities,     :
                                  :
and                               :
                                  :
Defendants to Plaintiff Brian Covington :
                                  :
OFFICER FANONE                    :
Metropolitan Police Department    :
Individually and in his official capacity, :
                                  :
and                               :
                                  :
OTHER UNNAMED OFFICERS,           :
Metropolitan Police Department    :
individually and                  :
in their official capacities,     :
                                  :
and                               :
                                  :
Defendants to Plaintiff Derrick Craig :
                                  :
UNNAMED OFFICERS,                 :
Metropolitan Police Department    :
individually and                  :
in their official capacities,     :
                                  :
                 Defendants.      :

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiffs Gary R. Lover, Bernard Matthews, William Christopher Malloy, Kevin T. Anderson, Brian Covington and Derrick Craig, by and through their attorney, Brian K. McDaniel and McDaniel and Associates, P.A., brings this action against the Defendants, the District of Columbia, Chief Charles Ramsey, Chief Cathy L. Lanier, Officer Steven A. Manley, Sergeant Gerald Neill, Sergeant Sloan, Officer Abdalla, Detective Hendricks, Officer David Randolph, Officer Semus Bracket, Officer Dathan Brown, Officer A.

Maulfair, Officer Fanone, Officer Croson, Officer Nguyen, Officer Harry Showers,

Officer Melby and other unnamed police officers, alleging the following:

## I. JURISDICTION AND VENUE

1.  This action arises under the Constitution of the United States, the Civil Rights Act, 42

U.S.C. § 1983; the laws of the District of Columbia, particularly D.C. Code §§12-301 and

12-309, and the common law.

2.  The jurisdiction of this court is invoked under the provisions of 28 U.S.C. §§ 12-301

and 12-309, and the common law.

3.  Plaintiffs, pursuant to D.C. Code §12-309 provided written notice to Defendant, the

District of Columbia, of their intent to sue based on the incidents that are the basis of this

complaint within the required time.

4.  Venue is placed in the District of Columbia because that is where the five of the six

Plaintiffs reside, where the Defendants are employed, and where the events complained

of occurred.

## II. PARTIES

5.  Plaintiffs Lover, Matthews, Malloy, Covington and Craig now and at all times

relevant to this claim, have been residents of the District of Columbia.  Plaintiff Anderson

now and at all times relevant to this claim, has been a resident of Oxen Hill, Maryland

6.  All defendant Metropolitan Police Department officers named and unnamed, sergeants

and detectives party to this action, who are sued in their individual and official capacities,

are now, and were at all relevant times, officers, sergeants and detectives of the District

of Columbia Metropolitan Police Department.

7.  Defendant, Chief Charles Ramsey, who is sued in both his individual and official capacities, was at all times relevant to the claims to which he is a party, Chief of the District of Columbia Metropolitan Police Department.  Chief Ramsey had ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department for events occurring prior to and up until January 2, 2007 when Chief Cathy Lanier assumed the position of Chief.

8.  Defendant, Chief Cathy L. Lanier, who is sued in both her individual and official capacities, is now, and was at all times relevant to the claims to which she is a party, Chief of the District of Columbia Metropolitan Police Department.  Chief Lanier had ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department beginning January 2, 2007 and thereafter until the present.

9.  At all times relevant to this action, the Defendant Police Officers and Chief were acting under color of law under their authority as Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

10.  Defendant, the District of Columbia, is a municipality that owns, operates, manages, directs, and controls the District of Columbia Metropolitan Police Department (hereinafter "MPD") and is being sued for the unlawful actions of the MPD.

### III.  <u>STATEMENT OF FACTS</u>

<u>GARY LOVER</u>

11.  Plaintiff, Gary R. Lover (hereinafter "Lover"), lives at 225 51st Street, NE, Washington, DC, 20019.

12.  On September 2, 2006, Plaintiff Lover was standing outside his building with several other persons when he was approached by numerous police officers including Officer Steven A. Manley.

13.  Officer Manley instructed Lover to place his hands on the building where Officer Manley proceeded to search Lover.

14.  After Officer Manley's initial search turned up no contraband Officer Manley grabbed Lover's arm and forcefully lead him into the building at 225 51st Street.

15.  Once inside the building, over Lover's initial and continued objection to any invasive search by Officer Manley, the officer did digitally penetrate the anus of Lover for a significant period of time.

16.  The aforementioned search was conducted in a public area and in the presence of the other officers named in this complaint.

17.  This personal intrusion was conducted in a public area and in the presence of the other officers named in this complaint.

18.  This invasive search yielded no contraband thus lacking any reason to, MPD or its officers never took into custody or arrested Lover.

19.  As a result of this abhorrent act, Lover has experienced and continues to experience both physical and emotional trauma.

BERNARD MATTHEWS

20.  Plaintiff, Bernard Matthews (hereinafter "Matthews), lives at 4660 Martin Luther King Ave. SW, Washington, DC 20032.

21. On November 30, 2006, Matthews was at Black Super Market, 910 13th Street NE,

Washington, DC 20002, when three (3) Metropolitan Police Department officers arrived

on 13th Street NE.

22. Matthews was grabbed by one of the officers (hereinafter "Officer One") and walked

to the side of Black Super Market.

23. One of the other officers (hereinafter "Officer Two"), pulled Matthews pants down,

grabbed his testicles and lifted them. After finding nothing, the officer pulled Matthews

pants back up.

24. The third officer, a female officer (hereinafter "Female Officer"), approached from

the police car.

25. While in plain view of Female Officer, Officer Two pulled Matthews pants back

down and searched under Matthews' testicles a second time. Officer Two then went

around Matthews and spread Matthews' buttocks and looked between Matthews'

buttocks while still in the presence of Female Officer.

26. This invasive search allegedly yielded contraband that resulted in Matthews' arrest.

The case was later dismissed, as the contraband allegedly found on Matthews was

allegedly lost.

27. The aforementioned search was conducted absent probable cause to believe

Matthews was engaged in any illegal activity.

28. As a result of this repugnant act, Matthews has experienced and continues to

experience both physical and emotional trauma.

WILLIAM CHRISTOPHER MALLOY

29.  Plaintiff, William Christopher Malloy (hereinafter "Malloy"), lives at 501 50th Place

NE, Washington, DC 20019.

30.  On February 3, 2007, Malloy was outside his home at 501 50th Place NE when he

was approached and told to put his hands up by several officers, including Officer David

Randolph.

31.  After an initial search of Malloy's pockets turned up no contraband, Officer

Randolph instructed Malloy to turn around and place his hands on a nearby vehicle.

32.  Officer Randolph, from behind, reached around Malloy and cut the string on

Malloy's sweatpants with a knife he received from Officer Semus Bracket.

33.  Officer Randolph removed Malloy's underwear, spread his buttocks, and began to

probe around between Malloy's buttocks near his anus.

34.  After the anal search turned up no contraband, Officer Randolph instructed Malloy to

turn around.

35.  Officer Randolph then conducted a search around Malloy's testicles, penis and

foreskin.

36.  The aforementioned search was conducted absent probable cause to believe Malloy

was engaged in any illegal activity.

37.  This personal intrusion was conducted in a public area and in the presence of other

civilian individuals, as well as, the other named and unnamed officers in this complaint.

38.  This invasive search yielded no contraband; however, absent any justifiable reason,

MPD Officers arrested Malloy and held him for two (2) days.

39.  As a result of this detestable act, Malloy has experienced and continues to experience emotional trauma.

KEVIN T. ANDERSON

40.  Plaintiff, Kevin T. Anderson (hereinafter "Anderson"), lives at 2010 Alice Ave., Oxen Hill, MD 20745.

41.  On March 14, 2007, Anderson was in Dollar City and Up on 4th and K Street, when he was stopped by police officers and instructed to come outside.

42.  Officers then led Anderson to the AA Auto at 311 K Street NW, placed him in handcuffs and informed him that they were going to conduct a cavity search.

43.  Over Anderson's initial and continued objection to any invasive search by the officers, the officers lowered Anderson's pants and underclothes, and while two officers held his buttocks open, Officer Croson ran his hand between Anderson's buttocks where he alleges he found contraband.

44.  This personal intrusion was conducted in a public area and in the presence of other civilian individuals, as well as, other named and unnamed male and female officers.

45.  As a result of this detestable act, Anderson has experienced and continues to experience physical and emotional trauma.

BRIAN COVINGTON

46.  Plaintiff, Brian Covington (hereinafter "Covington"), lives at 1404 Young Street SE, Washington, DC 20020.

47.  On May 10, 2007, Covington was near the Dollar City and Up on 4th and K Street, when he was stopped and questioned by police officers.

48.  Officers instructed Covington to turn around and place his hands on a nearby vehicle and searched of Covington's pockets.

49.  After the initial search turned up no contraband, the officers pulled Covington's pants down and back up without searching him.

50.  The officers then took Covington into AA Auto and pulled his pants down, where his buttocks was visible to other civilians, and ran his finger between Covington's buttocks where he alleges he found contraband.

51.  On May 17, 2007, Covington was at 401 K Street when he was approached and told to put his hands on his head by several police officers, including Officer Fanone.

52.  After an initial search of Covington's pockets turned up no contraband, Officer Fanone pulled down Covington's pants, put his hand in Covington's shorts and ran his finger between Covington's buttocks once, and then again.

53.  Officers then slammed Covington on the ground on his chest, put handcuffs on him, put a knee in his back and put his hand in Covington's pants and ran his hand between Covington's buttocks a third and forth time.

54.  Officers then twisted Covington's wrist in such a way that resulted in Covington's wrist fracturing.

55.  The aforementioned search and seizure was conducted absent probable cause to believe Covington was engaged in any illegal activity.

56.  This personal intrusion was conducted in a public area and in the presence of other civilian individuals, as well as, the other unnamed officer in this complaint.

57.  As a result of this vile act, Covington has experienced and continues to experience both physical and emotional trauma.

DERRICK CRAIG

58.  Plaintiff, Derrick Craig (hereinafter "Craig"), lives at 308 63rd Street NE,

Washington, DC 20019.

59.  On November 7, 2007, Craig was in the 5300 block of Clay Terrace NE when he was

approached and asked for identification by several unnamed police officers.  Craig

complied and officers asked him to place his hands on a nearby vehicle.

60.  After an initial search of Craig turned up no contraband, one of the officers grabbed

Craig's pants from behind and ran his hand inside Craig's underclothes through his

buttocks toward his anus.

61.  When the Officer ran his hand through Craig's buttocks, Craig jumped and another

Officer grabbed Craig's arm and bent it up Craig's back toward his head.

62.  The searching Officer then continued to search Craig grabbing him in his crotch area.

63.  The aforementioned search was conducted absent probable cause to believe Craig

was engaged in any illegal activity.

64.  This personal intrusion was conducted in a public area and in the presence of other

civilian individuals, as well as, the other named and unnamed officers in this complaint.

65.  This invasive search yielded no contraband thus lacking any reason to, MPD or its

officers never took into custody or arrested Craig.

66.  As a result of this detestable act, Craig has experienced and continues to experience

both physical and emotional trauma.

67.  The aforementioned actions of the MPD Officers are contrary to the MPD's official

policy for conducting cavity searches outlined in General Order Series/Number GO –

PCR – 502.01; and, upon information, are commonplace throughout the District of Columbia and are pervasive throughout the several police districts.

IV.  <u>FIRST CAUSE OF ACTION</u>

Civil Rights Claims under 42 U.S.C. § 1983

68.  Plaintiff hereby reasserts paragraphs 1 - 67 of this complaint, as though fully set forth here.

69.  At no time relevant to this action did Plaintiff's Lover, Matthews, Malloy or Craig engage in any criminal act.

70.  At no time relevant to this action did the Officers have probable cause to detain, search, or arrest Plaintiff's Lover, Matthews, Malloy or Craig.

71.  At no time relevant to this action did the Officers have probable cause to search Plaintiff Covington.

72.  The supporting officers, as MPD Officers, had a duty to protect Plaintiffs from the deprivation of their rights by the detaining, searching, or arresting officers.

73.  The searching officers acts of conducting public strip and cavity searches and otherwise injuring Plaintiffs, and other unnamed MPD Officer's acts of providing support and assistance to searching officers and failing to protect Plaintiffs, directly and proximately subjected Plaintiffs to the deprivation of their rights guaranteed by the United States Constitution and 42 U.S.C § 1983 in the following was:

> a.  The detention of Plaintiffs in order to conduct the public strip and cavity searches without probable cause to do so by officers deprived Plaintiffs of their right to be secure in their person from unreasonable seizures in violation of the Fourth Amendment.

b. The public strip and cavity searches of Plaintiffs without probable cause to do so deprived Plaintiffs of their right to be secure in their person from unreasonable searches in violation of the Fourth Amendment

c. The public strip and cavity searches of Plaintiffs deprived Plaintiffs of their right to liberty without due process of law, in violation of the Fifth Amendment.

d. The detention of Plaintiffs in order to conduct the public strip and cavity searches without probable cause to do so by officers deprived Plaintiffs of their right to peaceably assemble in violation of the First Amendment.

74. At all relevant times, Defendant Officers:

a. wore the apparel of the District of Columbia MPD;

b. used the resources and property of the MPD;

c. were on active duty as Officers of the MPD;

d. acted under their authority as officers of the MPD; and

e. acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

75. It is the custom of the MPD Officers to conduct strip and cavity searches of citizens of the District of Columbia publicly and in contravention of the written policy outlined in General Order Series/Number GO – PCR – 502.01.

76. The officers knew and intended, or should have known, that their acts would violate Plaintiffs' Constitutional rights.

77. Plaintiffs are therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate them for their injuries and for the violation of their Constitutional and Civil rights.

78.  Plaintiffs are further entitled to punitive damages to punish the officers for their knowing and intentional misconduct in violating Plaintiffs' Constitutional rights.

V.  SECOND CAUSE OF ACTION

Assault

79.  Plaintiffs hereby reassert paragraphs 1-78 of this complaint, as though fully set forth here.

80.  Officer Steven A. Manley intentionally threatened Plaintiff Lover with imminent bodily harm when he indicated he would conduct a cavity search if Lover did not produce any contraband Lover was being accused of possessing.

81.  Plaintiff Lover was in fear of imminent bodily harm when Officer Manley led him into the building at 225 51st Street, when Officer Manley lowered his pants and underclothes to his ankles and began to spread his buttocks and indicated that he was going to conduct a cavity search.

82.  Officer One intentionally threatened Matthews with imminent bodily harm when Officer One grabbed his hands and lead him to the side of Black Super Market and when Officer Two pulled his pants down once and then a second time.

83.  Plaintiff Matthews was in fear of imminent bodily harm when Officer One grabbed his hands and walked him to the side of Black Super Market and when Officer Two pulled his pants down once to search his genital area and then a second time to search his genital area and between his buttocks.

84.  Officers intentionally threatened Anderson with imminent bodily harm when they led him out of the Dollar City and Up, told him they were about to conduct a cavity search, and lowered his pants and underclothes.

85.  Plaintiff Anderson was in fear of imminent bodily harm when officers led him out of the Dollar City and Up, told him they were about to conduct a cavity search, and lowered his pants and underclothes.

86.  Officers intentionally threatened Malloy with imminent bodily harm when he reached around Malloy from behind with a knife and cut the string on his sweatpants, removed his underwear and spread his buttocks.

87.  Plaintiff Malloy was in fear of imminent bodily harm when Officer Randolph reached around Malloy from behind with a knife and cut the string on his sweatpants, removed his underwear and spread his buttocks.

88.  Officers intentionally threatened Covington with imminent bodily harm when they pulled his pants down once while he was spread eagle on the aforementioned vehicle, and again when they took him in the AA Auto and pulled his pants down again.

89.  Plaintiff Covington was in fear of imminent bodily harm when officers pulled his pants down once while he was spread eagle on the aforementioned vehicle, and again when they took him in the AA Auto and pulled his pants down again.

90.  Officers intentionally threatened Craig with imminent bodily harm when they grabbed the back of his pants and began to reach down into his buttocks and when the Officer grabbed Craig's arm to twist it upward toward his head.

91.  Plaintiff Craig was in fear of imminent bodily harm when officers grabbed the back of his pants and began to reach down into his buttocks and when the Officer grabbed Craig's arm to twist it upward toward his head.

92.  Due notice under all applicable statutes has been given to defendants.

93.  The actions of the District of Columbia are the direct cause of the injuries described above.  Plaintiffs are entitled to special damages that include pain and suffering, and emotional trauma.

94.  The intentional and malicious actions of the named and unnamed police officers are the direct cause for the injuries described above.  Plaintiffs are entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

VI.  THIRD CAUSE OF ACTION

Battery

95.  Plaintiffs hereby reassert paragraphs 1-94 of this complaint, as though fully set forth here.

96.  MPD Officers engaged in harmful and offensive contact of the Plaintiffs when they conducted the public strip and cavity searches of each Plaintiff and otherwise injured each Plaintiff.

97.  The actions of the officers caused the Plaintiffs serious physical and emotional injuries.

98.  Due notice under all applicable statutes has been given to defendants.

99.  The actions of the District of Columbia are the direct cause of the injuries described above.  Plaintiffs are entitled to special damages that include pain and suffering, and emotional trauma.

100.  The intentional and malicious actions of the named and unnamed police officers are the direct cause for the injuries described above.  Plaintiffs are entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

VII.  <u>FORTH CAUSE OF ACTION</u>

Conspiracy – Police Officers

101.  Plaintiffs hereby reassert paragraphs 1-100 of this complaint, as though fully set forth here.

102.  The officers, named and unnamed in this complaint, by their actions and through common design on September 2, 2006, November 30, 2006, February 3, 2007, March 14, 2007, May 10, 2007, May 17, 2007 and November 7, 2007 unlawfully conspired to assault and batter Plaintiffs.

103.  As a result of the conspiracy, Plaintiffs suffered physical and emotional injury and were deprived of their Constitutional and common law rights.

104.  Plaintiffs are therefore entitled to monetary damages to compensate them for all of their injuries.

VIII.  <u>FIFTH CAUSE OF ACTION</u>

Negligence – Police Officers

105.  Plaintiffs hereby reassert paragraphs 1-104 of this complaint, as though fully set forth here.

106.  On September 2, 2006, November 30, 2006, February 3, 2007, March 14, 2007, May 10, 2007, May 17, 2007 and November 7, 2007, officers named and unnamed in this complaint, during the course and scope of their employment by the District of Columbia, negligently caused the assault and battery of Plaintiffs.

107.  The officers had a continuous duty to exercise due care in the arrest of Plaintiffs to insure that they were not subjected to unnecessary injury.

108.  Defendant's breached their duty of due care and negligently caused injury to Plaintiffs.

109.  As a result of Officers' actions, Plaintiffs suffered and continue to suffer from emotional distress and psychological trauma.

110.  Plaintiffs are therefore entitled to recover money damages to compensate for their pain and suffering and emotional distress that the Officers negligently inflicted on them.

IX.  SIXTH CAUSE OF ACTION

False Imprisonment – Police Officers

111.  Plaintiffs hereby reassert paragraphs 1-110 of this complaint, as though fully set forth here.

112.  Defendant Officers did intentionally obstruct and detain Plaintiffs Lover, Matthews, Malloy, Covington and Craig.

113.  Plaintiffs reasonably believed that it would be dangerous for them to attempt to flee in light of the presence of numerous MPD officers in each location while each detention was taking place.

114.  Defendant Officers physically deprived Plaintiffs by putting their hands on them and restricting their movement.

115.  Defendant Officers should, therefore, be held liable for the false detention of Plaintiffs and pay appropriate damages for the violation of their Constitutional and common law rights.

X.  SEVENTH CAUSE OF ACTION

False Arrest – Police Officers

116.  Plaintiffs hereby reassert paragraphs 1-115 of this complaint, as though fully set forth here.

117.  Officers, who had no reason to believe that Matthews, Malloy or Covington on May 17, 2007 was involved in any criminal activity, arrested Matthews, Malloy and Covington and took them to the police substation for processing.

118.  Each of these arrests were made without a warrant and without probable cause needed to make a warrantless arrest.

119.  As a result of the Officers conduct and actions, Plaintiffs Matthews, Malloy and Covington, have suffered and will continue to suffer severe mental anguish.

## XI.  SEVENTH CAUSE OF ACTION

### Respondeat Superior – District of Columbia

120.  Plaintiffs hereby reassert paragraphs 1-119 of this complaint, as though fully set forth here.

121.  At all relevant times during the circumstances described in this complaint, the Officers were acting within the scope of their official duty as Police Officers, and employees of the District of Columbia.

122.  The District of Columbia should, therefore, be held liable for the common law claims against the Defendant Officers and pay appropriate damages to Plaintiffs.

## XII.  EIGHTH CAUSE OF ACTION

### Negligent Training and Supervision –
### District of Columbia, Chief Charles Ramsey and Chief Cathy L. Lanier

123.  Plaintiffs hereby reasserts paragraphs 1-122 of this complaint, as though fully set forth here.

124.  On or before September 2, 2006 and November 30, 2006, the District of Columbia and the MPD Chief Charles Ramsey were under a duty to properly train, supervise, investigate and correct improper actions of MPD Officers.

125.  On or before February 3, 2007, March 14, 2007, May 10, 2007, May 17, 2007 and November 7, 2007, the District of Columbia and Chief Cathy L. Lanier were under a duty to properly train, supervise, investigate and correct improper actions of MPD Officers.

126.  The District of Columbia, Chief Ramsey and Chief Lanier, recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate, and correct the improper actions of its employee Police Officers.

127.  The District of Columbia's, Chief Ramsey's and Chief Lanier's disregard for the rights of others, in particular those of Plaintiffs, was the direct and proximate cause of the substantial injuries Plaintiffs sustained.

128.  As a result of the District of Columbia's, Chief Ramsey's and Chief Lanier's failure to act, Plaintiffs suffered from pain and suffering, emotional trauma, extreme humiliation, and deprivation of their Constitutional and civil rights.

129.  Plaintiffs are therefore entitled to money damages to compensate for all of their injuries.

## XIII.  NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

130.  Plaintiffs hereby reassert paragraphs 1-129 of this complaint, as though fully set forth here.

131.  Defendant Officers assaulted and battered Plaintiffs intentionally and acted with intentional and/or reckless disregard of their rights.

132.  As a result of the Defendant Officers' intentional and/or reckless acts, Plaintiffs suffered and continue to suffer severe emotional distress.

133.  Plaintiffs are therefore, entitled to monetary damages to compensate them for their emotional injury.

134.  Plaintiffs are further entitled to an award of punitive damages to punish the Officers for their willful and malicious and/or reckless misconduct toward them.

XIV.  RELIEF REQUESTED

WHEREFORE, Plaintiff Gary R. Lover hereby sues Defendants the District of Columbia, Chief Charles Ramsey and MPD Officers named and unnamed, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiffs for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000.00;

3) punitive damages in the amount of $5,000,000.00;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this court decides is necessary in the interest of justice.

WHEREFORE, Plaintiff Bernard Matthews hereby sues Defendants the District of Columbia, Chief Charles Ramsey and MPD Officers named and unnamed, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiffs for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000.00;

3) punitive damages in the amount of $5,000,000.00;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this court decides is necessary in the interest of justice.

WHEREFORE, Plaintiff William Christopher Malloy hereby sues Defendants the District of Columbia, Chief Cathy Lanier and MPD Officers named and unnamed, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiffs for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000.00;

3) punitive damages in the amount of $5,000,000.00;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this court decides is necessary in the interest of justice.

WHEREFORE, Plaintiff Kevin T. Anderson hereby sues Defendants the District of Columbia, Chief Cathy Lanier and MPD Officers named and unnamed, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiffs for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000.00;

3) punitive damages in the amount of $5,000,000.00;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this court decides is necessary in the interest of justice.

WHEREFORE, Plaintiff Brian Covington hereby sues Defendants the District of Columbia, Chief Cathy Lanier and MPD Officers named and unnamed, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiffs for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000.00;

3) punitive damages in the amount of $5,000,000.00;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this court decides is necessary in the interest of justice.

WHEREFORE, Plaintiff Derrick Craig hereby sues Defendants the District of Columbia, Chief Cathy Lanier and MPD Officers named and unnamed, and claims the sum of:

1) pecuniary damages to fully compensate Plaintiffs for medical and psychiatric treatment necessitated by Defendants' acts;

2) compensatory damages in excess of $500,000.00;

3) punitive damages in the amount of $5,000,000.00;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this court decides is necessary in the interest of justice.

XV.  JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter

Respectfully submitted,


_____/s/_____
Brian K. McDaniel, Esq.
D.C. Bar # 45807
McDaniel & Associates, P.A.
1211 Connecticut Avenue

Suite 506
Washington, DC 20036
Telephone:  (202) 331-0793
Counsel for the Plaintiff


<u>VERIFICATION</u>

I, Gary R. Lover, Bernard Matthews, William Christopher Malloy, Kevin T.
Anderson, Brian Covington and Derrick Craig, have read the above complaint and verify
under penalty perjury that the facts that have been alleged are true to the best of my
knowledge and belief.


_____          _____
Gary R. Lover                                                      Date


_____          _____
Bernard Matthews                                                Date


_____          _____
William Christopher Malloy                                 Date


_____          _____
Kevin T. Anderson                                              Date


_____          _____
Brian Covington                                                  Date


_____          _____
Derrick Craig                                                      Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY LOVER                              :
                                        :
              Plaintiff,                :
                                        :
v.                                      :        Case No:  1:06CV01872
                                        :        Judge:  Henry H. Kennedy
DISTRICT OF COLUMBIA, et. Al.           :
                                        :
              Defendants.               :

ORDER GRANTING PLAINTIFF'S MOTION
TO FILE SECOND AMENDED COMPLAINT

        Upon consideration of Plaintiff's Motion and Defendant's opposition thereto, and

the facts and law considered, it is this _____ day of _____, 2007,

        HEREBY ORDERED that the Plaintiff's Motion to File Second Amended

Compliant is GRANTED.


                                _____
                                The Honorable Henry Kennedy
                                United States District Court Judge

33