# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY R. LOVER : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | CV 06-1872 (HHK) |
| DISTRICT OF COLUMBIA, et al., : | |
|     Defendants. : | |
| _____ : | |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Defendants the District of Columbia and Metropolitan Police Department Officers Sloan, Abdalla and Hendricks, by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 37(a), respectfully move this Court to compel plaintiff's' responses to their discovery requests. Defendants' file this motion only after exhausting all attempts to obtain the requested discovery without judicial intervention. A Memorandum of Points and Authorities in Support of this Motion and a proposed Order are attached hereto and incorporated by reference.

Pursuant to Local Rule 7(m), undersigned counsel has spoken with counsel for plaintiff on several occasions in an attempt to resolve this discovery dispute, but plaintiff's promised responses have not been forthcoming.

Dated: May 14, 2008

                                            Respectfully submitted,

                                            PETER J. NICKLES
                                            Interim Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General, Civil Litigation Division

                                            */s/ Toni Michelle Jackson*
                                            TONI MICHELLE JACKSON [453765]
                                            Interim Chief, General Litigation Section III

/s/ Sarah L. Knapp
SARAH L. KNAPP [470008]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724- 6602
(202) 727-3625 (fax)
Email:  sarah.knapp@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2008, I caused the foregoing DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S' DISCOVERY RESPONSES and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Brian K. McDaniel
Counsel for Plaintiff

/s/
SARAH L. KNAPP
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY R. LOVER** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | CV 06-1872 (HHK) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
|     **Defendants.** : | |
| _____ : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES**

I.    PRELIMINARY STATEMENT

1. Defendants the District of Columbia and Metropolitan Police Department Officers Sloan, Abdalla, and Hendricks ("moving defendants") served plaintiff with document requests and interrogatories on August 13, 2007.

2. After several discussions with counsel for plaintiff, counsel for the moving defendants wrote and explained that if discovery responses were not received by May 2, 2008, moving defendants would have no choice but seek an order from this Court compelling a response. (See Ex. A, attached hereto).

3. On April 29, 2008, counsel for moving defendants received "Objections and Answers of Plaintiff Gary Lover to Defendant District of Columbia's First Set of Interrogatories" ("Interrogatory Responses").

4. Although documents were included with plaintiff's interrogatory responses, the plaintiff has failed to provide a written response to the moving defendants' document requests.

5. In addition, plaintiff failed to fully respond to the moving defendants' interrogatories.

6. Interrogatory 13 requested the following information:

> If you have ever been physically or mentally ill or suffered any other physical disability or injury prior to or subsequent to the incident in the Complaint, for each illness, disability, or injury, please state all the details (e.g., the nature of the illness, disability or injury and the date or dates during which such illness, disability or injury existed; the circumstance surrounding the occurrence of such illness, disability or injury; the names, addresses and telephone numbers of all doctors, surgeons, psychiatrists, chiropractors, optometrists, dentist, or podiatrists, who may have seen, examined or treated you for such illness, disability or injury.

Plaintiff did not provide a response to this Interrogatory.

7. Interrogatory 14 asked plaintiff to "Itemize with particularity the out-of-pocket expenses or special damages incurred by you as a result of the alleged incident." Plaintiff responded that he went to the emergency room the day after the incident and had a bill from that visit and from his visit to a counselor. He further responded that he would forward bills for these bills, when he was "in possession" of them.

8. On April 30, 2008, counsel for moving defendants again wrote to plaintiff's counsel, regarding the deficiencies in plaintiff's discovery responses and asking that complete responses be provided no later that May 6, 2008. (See Ex. B, attached hereto).

9. Counsel for moving defendants spoke by telephone with plaintiff's counsel on May 2, 2008. During that conversation, plaintiff's counsel represented that supplemental responses would be provided by May 6, 2008.

10. These responses were not forthcoming and, after the May 6, 2008 deadline passed, counsel for moving defendants spoke with plaintiff's counsel again. This time, plaintiff's counsel promised to provide the requested material by May 9, 2008.

11. As of the date of this motion, plaintiff has failed to provide the promised supplemental responses.

12. Discovery is currently scheduled to close in this matter on May 15, 2008. Dispositive

Motions are due by June 16, 2008. Responses to Dispositive Motions are due by July 15, 2008. Replies to Dispositive Motions are due by July 22, 2008.

II. ARGUMENT

Under Fed. R. Civ. P. 37(a)(2), a discovering party may move for an order compelling discovery where a party fails to answer an interrogatory or produce documents as requested under Rules 31, 33 and 34. The motion must certify that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action. Fed. R. Civ. P. 37(a). If the motion to compel is granted or the discovery is provided after the motion is filed, the Court may, in appropriate circumstances, award sanctions, including reasonable attorneys' fees. Fed. R. Civ. P. 37(a)(4).

Based on the foregoing, defendants are entitled to an Order compelling plaintiff's responses to Interrogatories 13 and 14 and written responses to moving defendants' document requests. Despite defendants' multiple pleas, plaintiff has refused to provide **any** response whatsoever to moving defendants' document requests. Moreover, plaintiff failure to supplement his interrogatory responses; he has not provided any response to Interrogatory 13 and his response to Interrogatory 14, which seeks an account of plaintiff's damages in this action, is wholly unacceptable. Plaintiff has had over ten-months to collect information in response to the moving defendants' discovery requests. At this point in the litigation, defendants are entitled to know the nature of plaintiff's special damages.

Moving defendants have worked to resolve this dispute in good faith. In particular, counsel has notified plaintiff's counsel of the deficiencies in his client's responses twice in writing. Counsel for moving defendants have also made multiple telephone calls to plaintiff's counsel in an effort to secure compliance before brining this dispute to the Court.

3

III.   CONCLUSION

For the reasons stated above, moving defendants respectfully request an order compelling plaintiff to respond to their requests for documents and provide full responses to Interrogatories 14 and 14 and awarding the defendants costs in connection with filing this motion.

>Respectfully submitted,
>
>PETER J. NICKLES
>Interim Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>*/s/ Toni Michelle Jackson*
>TONI MICHELLE JACKSON [453765]
>Interim Chief, General Litigation Section III
>
>*/s/ Sarah L. Knapp*
>SARAH L. KNAPP [470008]
>Assistant Attorney General
>441 Fourth Street, N.W., 6th Floor
>Washington, D.C. 20001
>(202) 724- 6602
>(202) 727-3625 (fax)
>Email:  sarah.knapp@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GARY R. LOVER** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | CV 06-1872 (HHK) |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
|     **Defendants.** | : | |
| _____ | : | |

### ORDER

Upon consideration of DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES, the Memorandum of Points and Authorities in Support thereof, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED, that DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES is hereby GRANTED; and it is,

FURTHER ORDERED, that plaintiff shall completely respond to defendants' discovery requests no later than May 30, 2008; plaintiff shall produce documents to defendants organized and labeled to correspond with the categories of defendants' First Request for Production of Documents; and it is,

FURTHER ORDERED, that plaintiff's failure to comply with any terms of this Order shall be grounds for dismissal of the plaintiff's Complaint, with prejudice.

                                                                                                       _____
                                                                                                          JUDGE HENRY H. KENNEDY
                                                                                                          U.S. DISTRICT COURT JUDGE

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of the Corporation Counsel



**General Litigation Division**
**Section III**

April 21, 2008

Brian K. McDaniel
McDaniel & Assoc. PA
1211 Connecticut Avenue N.W., Suite 506
Washington, DC 20036

Re: ***Lover v. D.C., et al.*, 1:06-cv-01872-HHK-AK (D.D.C. filed Nov. 2, 2006)**

Dear Mr. McDaniel:

Your discovery responses are now overdue. At your client's deposition a few weeks ago, I requested your responses, and you stated that they would be forthcoming. Again, in my telephone conversation with your office today, on April 18, 2008, I agreed to give you an additional extension, until Monday, April 21, 2008. In order to protect my client's interest, I must insist that your discovery responses be served on my office by **May 2, 2008**. If I do not receive these responses, I will be forced to seek a court order compelling you to respond to the requests.

Thank you for your attention to these matters. Please feel free to contact me at any time, at (202) 724-6626, or at Richard.latterell@dc.gov.

Sincerely,

Peter J. Nickles
Interim Attorney General

By: _____
Richard A. Latterell
Assistant Attorney General
Enclosure

---

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
Office of the Corporation Counsel

**General Litigation Division**
**Section III**

April 30, 2008

Brian K. McDaniel
McDaniel & Assoc. PA
1211 Connecticut Avenue N.W., Suite 506
Washington, DC 20036

Re: *Lover v. D.C., et al.*, **1:06-cv-01872-HHK-AK (D.D.C. filed Nov. 2, 2006)**

Dear Mr. McDaniel:

My colleague Richard Latterell had previously provided your client Mr. Lover with an extension until April 21, 2008 to respond to discovery requests issued by the District of Columbia ("District") in the above captioned matter. When those responses were not forthcoming, Mr. Latterell wrote to provide you notice that if your client had not met his discovery obligations by May 2, 2008, the District would be forced to seek an order from the court compelling compliance. On April 23, 2008, your client's responses to the District's interrogatories were faxed to Mr. Latterell. No response to the District's request for documents has been received. If a response is not received by Monday, May 6, 2008, I will have no choice but to proceed with a motion to compel.

In addition, I have briefly reviewed your client's responses to the District's interrogatories, which are deficient in several respects. First, no response was provided to Interrogatory 13, seeking information regarding prior physical and mental illnesses suffered by your client. In addition, Interrogatory 14 asked your client to itemize any out-of-pocket expenses or special damages incurred as a result of the incident alleged in the complaint. In response, Mr. Lover noted that he had incurred expenses as a result of visits to Greater Southeast Community Hospital and Linda Coleman and states that he will forward the bills for these services when he is in possession of them. This response is unacceptable.

Although the Federal Rules of Civil Procedure do allow a party to produce business records in response to an interrogatory, your client's promise to provide these records at some later unspecified date is not sufficient to meet his discovery obligations. As you know, discovery in this matter closes on May 15, 2008. My clients are entitle to know your client's purported damages in advance of this date and have been prejudiced by your client's failure to provide this information. Consequently, if your client has not provided full and complete answers to Interrogatories 13 and 14 by Monday, May 6, 2008, the District will include this failure in its motion to compel.

Thank you for your attention to these matters. As I have previously informed you, I am new to the Office of the Attorney General and do yet have a telephone extension. Please feel free to contact me regarding your client's supplemental response by email at sarah.knapp@dc.gov or you may call (202)724-6602 and leave a message for me with my Unit Chief, Toni Jackson, and I will return the call as soon as possible.


Sincerely,

Peter J. Nickles
Interim Attorney General

By: _____
Sarah L. Knapp
Assistant Attorney General