FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY R. LOVER, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : CV-06-1872 (HHK) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
|  | : |
| Defendants. | : |
| _____ | : |

**DEFENDANTS MANLEY AND NEILL'S MOTION TO COMPEL PLAINTIFF
TO RESPOND TO THESE DEFENDANTS' DISCOVERY DEMANDS**

Defendants Detective Steven Manley and Sergeant Gerald Neill (hereinafter "the defendants"), by and through counsel, hereby move the Court, pursuant to Fed. R. Civ. P. 37, to compel the plaintiff to respond to these defendants' discovery demands. As reasons therefore, the defendants direct this Court to the attached memorandum of points and authorities.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


/s/ Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
(202) 724-6295 (fax)

## 7(m) CERTIFICATION

I hereby certify that on July 29, 2008, the undersigned contacted Brian McDaniel, Esq., plaintiff's counsel, regarding the herein requested relief. As of the filing of this motion, I have not received a response from plaintiff's counsel. Counsel for the District takes no position on the requested relief.

                                              _____Eric S. Glover_____
                                              Eric S. Glover
                                              Assistant Attorney General, D.C.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARY R. LOVER, | : |
| Plaintiff, | : |
| v. | : |
| | : CV-06-1872 (HHK) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY FROM THE PLAINTIFF**

Defendants Manley and Neill, by and through counsel, hereby move the Court, pursuant to Fed. R. Civ. P. 37, to compel plaintiff to respond to defendants Manley and Neill's discovery demands. As reasons therefore, these defendants state as follows:

**Preliminary Statement**

This case involves allegations that the moving defendants as well as other Metropolitan Police Department employees assaulted, battered, falsely imprisoned and violated the Civil Rights of the plaintiff. *See* Complaint, generally. Specifically, the plaintiff alleges that the defendants performed an illegal body cavity search upon the plaintiff. *See* Complaint at ¶ 15-23. Plaintiff seeks to hold the defendants liable for the alleged constitutional violations pursuant to 42 U.S.C. § 1983, and for assault, battery, and false imprisonment.

On January 14, 2008, these defendants served plaintiff with their discovery requests. To date, plaintiff has failed to satisfy his obligations under Fed. R. Civ. P. 33

3

Discovery in this case closes on July 31, 2008. These defendants are entitled to the requested discovery, and therefore seeks an Order to compel pursuant to Rule 37.

## **Argument**

A.   Standard for Ruling on Motion to Compel

Fed. R. Civ. P. 37(a)(1) provides that a party, on notice to other parties and all affected persons, may apply for an order compelling disclosure or discovery. According to Rule 37(a)(2), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. Rule 37(a)(3)(B) provides that the motion may be made if a party fails to answer an interrogatory submitted under Rule 33. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclosure, answer or respond." *See* Rule 33(a)(4). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." *See* Rule 37(a)(1).

B.   The Defendants Are Entitled To An Order To Compel Discovery From The Plaintiff

At the parties' June 13, 2008, Status Conference, the plaintiff was directed to supplement his responses to the defendants' discovery demands. On June 27, 2008, the defendants Manley and Neill received plaintiff's supplemental discovery responses to their Request for Interrogatories. Plaintiff's supplemental responses to their interrogatory request were not signed under oath as required by Fed. R. Civ. P. 33(b)(5). See Responses, hereto attached as Exhibit 1. Also, plaintiff failed to provide a proper response to Defendants' interrogatory request No. 19. Interrogatory No.19 reads:

> To the extent not described in your answers to other interrogatories, state the actual wording or substance of all oral statements made by

4

>any employee or agent of the District of Columbia concerning the events alleged in the complaint, including in your answer the time and location of such statement, the identity of the person who made each such statement, the identity of the person(s) to whom each said statement was made, and, describe the circumstances under which each such statement was made.

The plaintiff responded:

>See deposition transcripts of Gary Lover  See also, MPD Final Investigative Report Regarding the Use of Force (Hands) and an Allegation of a Body Cavity/ Strip Search Involving Narcotics and Special Investigation Division Sergeant Gerald Neill, Officer Steven Manley and Officer Charles Fultz, Fitz Case X-O/E-06-0430, IS-06-004402. Also, see the response to Interrogatory 8.

**Defendants' Basis for Objection:**  Plaintiff's Responses to Interrogatories No. 1 9 is deficient in that instead of  provide the defendants with an proper response the interrogatory, Plaintiff has referred these defendants to his deposition transcript and various MPD reports.  *See* Response 19.  While Rule 33(d) allows a party to respond to an interrogatory by specifying the party's **business record** that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could, neither the plaintiff's deposition transcript nor MPD reports are **plaintiff's** business records.  Moreover, plaintiff has not specifically identified any portions of those documents that answer the requested interrogatory.  *See* Response 19.

Pursuant to Fed. R. Civ. P. 37(a)(1), these defendants in good faith tried to resolve the parties' discovery dispute.  On July 14, 2008, counsel for defendants Manley and Neill forwarded a letter to plaintiff's counsel informing him that plaintiff's supplemental interrogatory responses were deficient.  See Deficiency Letter, hereto attached as Exhibit # 2.  To date, plaintiff has failed to cure the deficiencies.

Plaintiff's failure to cure the deficiencies in his discovery entitles these defendants to an Order compelling him to fully respond to Interrogatory No. 19, and to sign his discovery responses under oath in accordance with Rule 3e(b)(3).

WHEREFORE, the defendants ask this Court to grant their motion to compel.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


/s/ Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
(202) 724-6295 (fax)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARY R. LOVER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :   CV-06-1872 (HHK) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

# **ORDER**

Upon consideration of the Defendants Detective Steven Manley and Gerald Neil's Motion to Compel Discovery from the Plaintiff, any opposition thereto, and the record herein, it is by the Court this ___ day of _____, 2008,

**ORDERED**: that the defendants' Motion to Compel Discovery from the Plaintiff is GRANTED for the reasons set forth in the motion; and it is further,

**FURTHER ORDERED**: that the plaintiff is to provide the Defendants Manley and Neill shall provide a responsive answer to Interrogatory No. 19, and sign his discovery responses under oath in compliance with Fed. R. Civ. P. 33(b)(1) within ten (10) days of the date of this Order.

_____
JUDGE,
UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

GARY R. LOVER                           :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :   Civil Action 06-01872
                                        :   Honorable Judge: Henry Kennedy
DISTRICT OF COLUMBIA, et al.,           :
                                        :
            Defendants.                 :

## SUPPLEMENTAL ANSWERS OF PLAINTIFF GARY LOVER TO DEFENDANTS STEVEN A. MANLEY AND GERALD NEILL'S INTERROGATORIES

7.  State in your own words exactly and in detail how the incident that is the subject of this litigation occurred (e.g. your observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if you do not recall exact wording, state the content of such statement), the exact wording of all statements made by yourself, and the identity of the person to whom said statements were made, your physical movements and the time that each of the above actions and/or statements occurred).

RESPONSE: On September 2, 2006, I was standing outside my building with several other persons when we were approached by numerous police officers including Officer Steven A. Manley. Officer Manley instructed me to place my hands on the building. I did so and Officer Manley proceeded to search me. After Officer Manley's initial search turned up no contraband Officer Manley grabbed my arm and forcefully lead me into the building at 225 51st Street. Once inside the building, over my initial and continued objection to any invasive search by Officer Manley, the officer did digitally penetrate my anus for a significant period of time, while other officers, including Officer Neill looked on. Manley conducted this search just inside the door of my building and in the presence of the other officers named in this complaint. Officer Manley did not find any contraband thus lacking any reason to, MPD or its officers never took into custody or arrested me. They let me go. (For movements and statements, see deposition transcripts of Gary R. Lover.)

9.  Describe in detail your basis for suing Officers Manley and Neill in their official and/or individual capacity and describe each action that Manley and Neill took related to the occurrence in question that subjects them to liability. Attach all documents that relate to this interrogatory.

RESPONSE: Officer Manley is being sued because he was the officer that actually conducted the illegal public strip and cavity search. Officer Neill is being sued because of he participated in the illegal search by

providing Officer Manley with the gloves and by standing by and watched while Officer Manley conducted the search in violation of his duty to protect me from the deprivation of my rights by Officer Manley. Both officers also participated in the conspiracy to commit these violations of my rights. (For movements and statements, see deposition transcripts of Gary R. Lover.)

13.  Describe in detail the basis of your claim that Officers Manley and Neill violated your civil rights under 42 U.S.C. § 1983, as alleged in Count IV of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence of the custom or practice of the District of Columbia that violated your civil rights, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support these claims. Attach all documents related to this interrogatory.

RESPONSE:  Officer Manley's act of digitally penetrating my anus and otherwise injuring me, and Officer Neill's acts of providing support and assistance to Officer Manley and failing to protect me subjected me to the deprivation of my rights. The officer's act of detaining me in order to conduct the digital penetration of my anus without probable cause to do so deprived me of my right to be secure in my person from unreasonable seizures in violation of the Fourth Amendment. The digital penetration of my anus by Officer Manley without probable cause to do so deprived me of my right to be secure in my person from unreasonable searches in violation of the Fourth Amendment. The digital penetration of my anus by Officer Manley deprived me of my right to liberty without due process of law, in violation of the Fifth Amendment.

Regarding the custom, we will present the following individuals and their testimony:

BERNARD MATTHEWS
4660 Martin Luther King Ave. SW, Apt. # A814
Washington, DC  20032

On November 30, 2006, Matthews was at Black Super Market, 910 13th Street NE, Washington, DC 20002, when three (3) Metropolitan Police Department officers arrived on 13th Street NE. Matthews was grabbed by one of the officers (hereinafter "Officer One") and walked to the side of Black Super Market. One of the other officers (hereinafter "Officer Two"), pulled Matthews pants down, grabbed his testicles and lifted them. After finding nothing, the officer pulled Matthews pants back up. The third officer, a female officer (hereinafter "Female Officer"), approached from the police car. While in plain view of Female Officer, Officer Two pulled Matthews pants back down and searched under Matthews' testicles

2

a second time. Officer Two then went around Matthews and spread Matthews' buttocks and looked between Matthews' buttocks while still in the presence of Female Officer. This invasive search allegedly yielded contraband that resulted in Matthews' arrest. The case was later dismissed, as the contraband allegedly found on Matthews was allegedly lost. The aforementioned search was conducted absent probable cause to believe Matthews was engaged in any illegal activity.

WILLIAM CHRISTOPHER MALLOY
501 50th Place NE
Washington, DC 20019

On February 3, 2007, Malloy was outside his home at 501 50th Place NE when he was approached and told to put his hands up by several officers, including Officer David Randolph. After an initial search of Malloy's pockets turned up no contraband, Officer Randolph instructed Malloy to turn around and place his hands on a nearby vehicle. Officer Randolph, from behind, reached around Malloy and cut the string on Malloy's sweatpants with a knife he received from Officer Semus Bracket. Officer Randolph removed Malloy's underwear, spread his buttocks, and began to probe around between Malloy's buttocks near his anus. After the anal search turned up no contraband, Officer Randolph instructed Malloy to turn around. Officer Randolph then conducted a search around Malloy's testicles, penis and foreskin. The aforementioned search was conducted absent probable cause to believe Malloy was engaged in any illegal activity. This personal intrusion was conducted in a public area and in the presence of other civilian individuals, as well as, the other named and unnamed officers. This invasive search yielded no contraband; however, absent any justifiable reason, MPD Officers arrested Malloy and held him for two (2) days.

KEVIN T. ANDERSON
2010 Alice Ave.
Oxen Hill, MD 20745

On March 14, 2007, Anderson was in Dollar City and Up on 4th and K Street, when he was stopped by police officers and instructed to come outside. Officers then led Anderson to the AA Auto at 311 K Street NW, placed him in handcuffs and informed him that they were going to conduct a cavity search. Over Anderson's initial and continued objection to any invasive search by the officers, the officers lowered Anderson's pants and underclothes, and while two officers held his buttocks open, Officer Croson ran his hand between Anderson's buttocks where he alleges he found contraband. This personal intrusion was conducted in a public area and in the presence of other civilian individuals, as well as, other named

3

and unnamed male and female officers.

BRIAN COVINGTON
1404 Young Street SE,
Washington, DC 20020

Plaintiff, Brian Covington (hereinafter "Covington"), lives at 1404 Young Street SE, Washington, DC 20020. On May 10, 2007, Covington was near the Dollar City and Up on 4th and K Street, when he was stopped and questioned by police officers. Officers instructed Covington to turn around and place his hands on a nearby vehicle and searched Covington's pockets. After the initial search turned up no contraband, the officers pulled Covington's pants down and back up without searching him. The officers then took Covington into AA Auto and pulled his pants down, where his buttocks was visible to other civilians, and ran his finger between Covington's buttocks where he alleges he found contraband. On May 17, 2007, Covington was at 401 K Street when he was approached and told to put his hands on his head by several police officers, including Officer Fanone. After an initial search of Covington's pockets turned up no contraband, Officer Fanone pulled down Covington's pants, put his hand in Covington's shorts and ran his finger between Covington's buttocks once, and then again. Officers then slammed Covington on the ground on his chest, put handcuffs on him, put a knee in his back and put his hand in Covington's pants and ran his hand between Covington's buttocks a third and forth time. Officers then twisted Covington's wrist in such a way that resulted in Covington's wrist fracturing. The aforementioned search and seizure was conducted absent probable cause to believe Covington was engaged in any illegal activity. This personal intrusion was conducted in a public area and in the presence of other civilian individuals, as well as, the other unnamed officers.

DERRICK CRAIG
308 63rd St. NE
Washington, DC 20019

On November 7, 2007, Craig was in the 5300 block of Clay Terrace NE when he was approached and asked for identification by several unnamed police officers. Craig complied and officers asked him to place his hands on a nearby vehicle. After an initial search of Craig turned up no contraband, one of the officers grabbed Craig's pants from behind and ran his hand inside Craig's underclothes through his buttocks toward his anus. When the Officer ran his hand through Craig's buttocks, Craig jumped and another Officer grabbed Craig's arm and bent it up Craig's back toward his head. The searching Officer then continued to search Craig grabbing him in his crotch area. The aforementioned search was conducted absent

probable cause to believe Craig was engaged in any illegal activity. This personal intrusion was conducted in a public area and in the presence of other civilian individuals, as well as, the other named and unnamed officers. This invasive search yielded no contraband thus lacking any reason to, MPD or its officers never took into custody or arrested Craig.

Each of these individuals will also testify that this type of search by MPD officers is commonplace in their communities and that they have both witnessed and heard of numerous other occurrences of this kind in their communities.

14. Describe in detail the basis of your claim that Officers Manley and Neill assaulted you, as alleged in Count V of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim that you were assaulted, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support these claims. Please be specific as to each action committed by each defendant. Attach all documents related to this interrogatory.

RESPONSE: Officers Manley and Neill assaulted and battered me when they slammed me on the wall after I flinched when Officer Manley put his hand in my pants. I was in fear of imminent bodily harm when officer Manley led me into the building at my home, when Officer Manley lowered my pants and underclothes to my ankles and began to spread my buttocks and indicated that he was going to conduct a cavity search. We will offer the officers own testimony as evidence of these actions as well as the testimony of the witnesses listed in Interrogatory #8. (For specific acts, see deposition transcripts of Gary R. Lover.)

15. Describe in detail the basis of your claim that Officers Manley and Neill battered you, as alleged in Count VI of your complaint, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim that you were battered, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support these claims. Please be specific as to each action committed by each defendant. Attach all documents related to this interrogatory.

RESPONSE: See answer to Interrogatory #14.

16. Describe in detail the basis of your claim that Officers Manley and Neill conspired to assault and batter you as alleged in Count VII of your complaint, and the written support you intend to use and witnesses you intend to call to support this claim and the substance of their likely testimony. Please be specific as to each action committed by each defendant. Attach all documents related to this interrogatory.

5

RESPONSE: Officers Manley and Neill conspired to assault and batter me by their actions and through common design when they discussed conducting the illegal public strip and cavity search on the scene. We will offer the officers own testimony as well as to testimony of the witnesses listed in Interrogatory #8. (For specific acts, see deposition transcripts of Gary R. Lover.)

17. Describe in detail the basis of your claim that Officers Manley and Neill falsely imprisoned you, as alleged in Count IX of your complaint, and the written documents you intend to use and the witnesses you intend to call to support this claim and the substance of their likely testimony. Please be specific as to each action committed by each defendant. Attach all documents related to this interrogatory.

RESPONSE: Officers Neill and Manley falsely imprisoned me when they intentionally obstructed and detained me, over my continued objection; when they lead him into the building, placed him in the spread eagle position, and began to remove his clothing in preparation for the illegal strip and cavity search. We will offer the officers own testimony as well as to testimony of the witnesses listed in Interrogatory #8. (For specific acts, see deposition transcripts of Gary R. Lover.)

18. Describe in detail the basis of your claim that Officers Manley and Neill intentionally inflicted emotional distress upon you, as alleged in Count XI of your complaint, including the written documents you intend to use, and the witnesses you intend to call to support this claim and the substance of their likely testimony. Please be specific as to each action committed by each defendant. Attach all documents related to this interrogatory.

RESPONSE: Officers Manley and Neill assaulted and battered me intentionally and acted with intentional and or reckless disregard of my rights. As a result of the officers acts, I continue to suffer severe emotional distress. We will offer the officers own testimony as well as to testimony of the witnesses listed in Interrogatory #8. (For specific acts, see deposition transcripts of Gary R. Lover). We will also offer the testimony of Ms. Linda Coleman, the social worker I have counseled with regarding the incident. The records of my visits with Ms. Coleman are attached.

19. To the extent not described in your answers to other interrogatories, state the actual wording or substance of all oral statements made by any employee or agent of the District of Columbia concerning the events alleged in the complaint, including in your answer the time and location of such statement, the identity of the person who made each such statement, the identity of the person(s) to whom each said statement was made, and, describe the circumstances under

which each such statement was made.

RESPONSE:  See deposition transcripts of Gary R. Lover. See also, MPD Final Investigative Report Regarding the Use of Force (Hands) and an Allegation of a Body Cavity/Strip Search Involving Narcotics and Special Investigations Division Sergeant Gerald Neill, Officer Steven Manley and Officer Charles Fultz, FIT Case X-O/E-06-0430, IS-06-004402. Also, see the response to Interrogatory No. 8.

Respectfully Submitted,

_____
Brian K. McDaniel, Esq. (452807)
McDaniel and Associates, P.A.
1211 Connecticut Ave. NW, #506
Washington, DC 20036
Phone: 202-331-0793
brianmac1911@aol.com
Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered, this 27th day of June, 2008 to:

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General Civil Litigation Division
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

ERIC S. GLOVER
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 727-6295 (202) 727-3625 (fax)
E-mail: Eric.glover@dc.gov

_____
Brian K. McDaniel, Esq.

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Office of the Attorney General

**Civil Litigation Division**
**Section IV**



July 14, 2008

Brian K. McDaniel
McDaniel and Associates
1211 Connecticut Avenue, NW, # 506
Washington, D.C. 20036

     **Re: Gary Lover v. D.C. *et al.* 2006-CA-001872**

Dear Mr. McDaniel:

     I am writing to you concerning certain deficiencies in the plaintiff's supplemental responses to defendants Manley and Neill's Interrogatories, dated June 27, 2008. According to Fed. R. Civ. P. 33(b)(5), all answers to interrogatories *must* be signed by the person making them. Because the supplemental answers recently submitted by your office were made by your client but not signed by him, they are deficient under the rules.

     Additionally, defendants Manley and Neil submit that your client's supplementary response to interrogatory No. 19. is also deficient.

     I am requesting that the plaintiff rectify these responses within ten (10) business days. I am also available to discuss this matter with you by phone. Please consider this letter my good faith effort to resolve this matter short of filing a motion to compel.

Sincerely,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

BY: _____
     ERIC S. GLOVER
     Assistant Attorney General
     (202) 442-9754